Wells, *et ux. vs.* O. Beall.—1830.

---

WELLS, *et ux. vs.* O. BEALL, *et ux.*—1830.

The Court of Chancery has jurisdiction to decree dower, and rents and profits, to the widow, from the death of her husband.

Where dower is claimed at common law, and the husband's title to the land is controverted, it must be made out at law; but it will not therefore follow, that a bill in Chancery for its recovery is to be dismissed, because the right to dower is denied. The Chancellor should in such case retain the bill for a reasonable time, until the right at law is established.

The statute of limitations is no bar in equity to a widow's claim for dower, or the rents and profits thereof. PER BLAND, CHAN'R.

APPEAL from the Court of Chancery.

The bill which was filed in this case by the appellees, *Otho B. Beall* and *Mary* his wife, on the 10th of December, 1825, against *William Wells* of *George*, and *Jemima* his wife, the present appellants, and *William Wells*, executor of *Jacob W. Brashears*, stated, that some time in the year 1797, a certain *John W. Brashears* of *Prince George* County died, leaving five children; one of whom, *Richard W. Brashears*, the former husband of the complainant *Mary*, died in the year 1806, intestate, leaving a son, since deceased. That the said *John W. Brashears*, by a duly executed will, (a copy of which the complainants exhibit,) devised to the aforesaid *Jacob W. Brashears*, (one of his sons in tail,) 44 acres of a tract of land called *Plummer's Pleasure*, and also by the said will, devised the residue of the said tract in tail, to be equally divided between the said *Richard W. B.* and *Beall B.* (another son,) with cross remainders, to the survivor, and the aforesaid *Jacob W. B.* That *Beall B.* died in the year 1801, without issue, and without altering the estate so devised to him, whereby the aforesaid *Richard W. B.* became entitled to three-fourths of the residue of the said land, and that upon his death, his widow, the complainant *Mary*, (afterwards married to the other complainant *Otho B. Beall*, became entitled to one-third of the rents and profits thereof. That at the death of *Richard W. B.* in 1806, the said lands were undivided, and they have continued since in the possession and use of *Jacob W. B.* who has received all the rents and profits of the same, promising to account to complainant *Mary*, for her dower right therein, but never doing so. That the said *Jacob W. B.* died in the year 1816, devising and bequeathing his whole estate to *Jemima*, (one of the appellants,) since intermarried with the other appellant, *William Wells* of *George*, and appointing *William Wells*, the other defendant, his executor. That since the death of *Jacob W. B.*, *Wells* and wife have had possession of the aforesaid land, and have received to their own use the rents and profits of the same,

promising to account, &c. as the said *Jacob W. B.* had done before them. *Prayer,* that *William Wells,* the executor of *Brashears,* may be decreed to account with, and pay to the complainants, the rents and profits which accrued to complainant *Mary,* in the life-time of his testator, and that the appellants (*Wells and wife,*) may be compelled to do the same, in reference to the rents, &c. accrued since, and for general relief.

The *answer* of *Wells* and wife, admits, that *John W. Brashears* died in 1797, leaving five children, of whom *Richard W.,* the former husband of complainant *Mary,* was one. That he died in the year 1806, intestate, leaving an only son. They further admit that *John W. B.* made such a devise of the tract of land called *Plummer's Pleasure* as the bill charges, and that *Beall B.* died in the year 1801, without altering the nature of the estate created in him by the said devise of *John W. B.* But they expressly deny, that *Richard W. B.* the former husband of the complainant had, or could have, any title to the land so devised to him by *John W. B.* because the said *John W. B.* had not himself any title therein. They admit that *John W. B.* in his life-time, *contracted* for the purchase of said land, but they deny that he ever paid any part of the purchase money for the same; and they allege, that after his death, *Jacob W. B.* made a new contract for the purchase of said land, and paid the entire purchase money out of his own private funds, taking a deed to himself for the same. They likewise admit, that from the death of *Richard W. B.* the said land has been held and used by *Jacob W.* and themselves, but they deny that either of them ever promised to account to the complainants, or either of them, for any portion of the rents and profits. They insist that *Jacob W. B.* was the rightful owner and occupier of said lands, and they exhibit and make the will of *Jacob* a part of their answer, by which he bequeaths and devises the whole of his estate to the defendant *Jemima* in fee tail general, and therefore they are not accountable to any person, for the rents and issues of

the lands in question.    They admit that *Jacob* died in 1816, as charged.

The answer of *William Wells*, the executor of *Jacob*, admits that he was constituted and qualified as his executor, but he alleged, and proved, that he had settled the estate, and paid over the residue, to the defendant *Jemima* and her husband *William Wells* of *George*, and the bill was dismissed as to him, without any opposition from the complainant's solicitor.

A commission issued, and proof was taken, among other things, in relation to the value of the rents of the land in controversy.—The opinion of the Court of Appeals however, renders a recapitulation of the proof, wholly unnecessary.

At December Term, 1827, BLAND, Chancellor, passed the following decree.

This case has been intimately associated, and in some respects blended with the case of *Otho B. Beall*, administrator of the late *Richard B. Brashears*, against *William Wells* and others. The two cases were argued together, and admitted to depend upon the same principles, to a certain extent. I therefore took up, and considered the case instituted by *Otho B. Beall*, as administrator, and have decided it first, because it manifestly involved every material principle of this case, and more.

This suit has been instituted to recover the rents and profits of the dower, to which it is alleged the complainant *Mary*, was entitled, in a portion of the land called *Plummer's Pleasure;* and her claim is opposed upon two grounds. First, that her former husband *Richard W. B.* had during the coverture, no more than a mere equitable interest of which she is not dowable, and secondly, the lapse of time, and the statute of limitations, is relied on as a bar. But as I have already explained and decided in the case of *Beall* as administrator *vs. Wells* and others, the late *Richard W. B.* the former husband of the complainant *Mary*, had, during the coverture actual possession, and a good, legal title,

and died seised of three-fourths of that portion of *Plummer's Pleasure*, which had been devised to him and his brother *Beall* in tail, by their father the late *John W. B.* and consequently she was entitled to dower of that land. And with regard to the statute of limitations I have formerly decided, that it constitutes no bar, and does not in equity, apply to a widow's claim of dower, or the rents and profits thereof, *Oliver vs. Richardson,* 9 *Ves.* 222. Whereupon it is on this 29th day of December, adjudged, ordered and decreed, &c.

From this decree the appellants *Wells* and wife, appealed to the Court of Appeals.

The cause was argued before BUCHANAN, Ch. J., EARLE, MARTIN, STEPHEN and ARCHER, J.

*Key,* and *Johnson* for the appellants, contended,

1. That if *Richard W. B.* the first husband of the complainant *Mary*, had any title in the land in question, it was but an equitable title, and as he died prior to the act of 1818, *ch.* 193, his widow is not entitled to dower in it.

2. The title to dower being expressly disputed by the answers, the right should first be established at law.

3. Limitations is a bar to the recovery of the rents and profits, which became due more than three years prior to the filing of the bill.

1. *Richard W. B.* had no title to *Plummer's Pleasure,* or if any, but an equitable title. The answer expressly denies that he died seised of any part of said land. This denial is responsive to the bill, and throws the proof of title on the complainant, and there is no proof.

2. The objection to the want of jurisdiction in the Court, is open to us, notwithstanding the answer. In fact the question could not arise until the answer is filed, as it is not until then that the Court can know, that the title to dower will be disputed. A demurrer to a bill like the present, would admit the seisin of the husband, and of course the

right to dower would follow. As a general rule, it is admitted that in reference to dower, Courts of law and equity, have a concurrent jurisdiction; but when the *facts* upon which the claim rests, are controverted, the title must be established at law, before Chancery can grant relief. *Herbert vs. Wren,* 7 *Cranch,* 370. *Mundy vs. Mundy,* 2 *Ves. Jr.* 122. 4 *Kent's Com.* 70. *Jeremy's Equity,* 305. 1 *Johns. Ch. Rep.* 111. *Philips vs. Green,* 3 *Ib.* 302. *Swaine vs. Perine,* 5 *Ib.* 482. *D'Arcy vs. Wake,* 2 *Sch. and Lef.* 391. *Coop. Eq.* 134, 135. *Mundy vs. Mundy,* 4 *Brow. Ch. Rep.* 294.

*Magruder,* for the appellees.

1. The bill filed in this case, would have authorised a decree for profits, and an assignment of dower also. *Chalmers vs. Chambers,* 6 *Harr. and Johns.* 29.

2. If when the right to dower is contested by the answer, it must be established at law before Chancery can relieve, it does not follow, that the bill is to be dismissed. It must be retained until the right is ascertained. But suppose the objection to be a valid one, it should have been presented by demurrer or plea. After answer, it cannot be insisted on. On this point, he cited, *Mitf.* 109, 110. *Herbert vs. Wren,* 7 *Cranch,* 370. 2 *Johns. Ch. Cases,* 339. 1 *Fonb.* 19. 2 *Eq. C. Abr.* 382, 383. note (*C.*) *Jeremy's Eq.* 295. *Dimond vs. Billingslea,* 2 *Harr. and Gill,* 273. *Mundy vs. Mundy,* 2 *Ves. Jr.* 122. *Mundy vs. Mundy,* 4 *Bro. Ch. C.* 295. *Coke Lit.* 36, (*B.*) 1 *Madd. Ch. P.* 97.

Upon the question of limitations he referred to, *Oliver vs. Richardson,* 9 *Ves.* 222. 1 *Madd. Ch. P.* 197. *Swaine vs. Perine,* 5 *Johns. Ch. Rep.* 488.

Archer, J. delivered the opinion of the Court.

The jurisdiction of the Court of Chancery to decree dower, and rents and profits, to a widow from the death of her husband, seems to be well settled. *Swaine vs. Perine,* 5 *Johns. Ch. R.* 488, and the cases there referred to. It appears to be

equally clear, that where dower is claimed at common law, and the husband's title to the land is controverted, it must be made out at law. *Mundy vs. Mundy,* 4 *Brown,* 295. *Mundy vs. Mundy,* 2 *Ves. Jr.* 122.

But it will not follow, because the right to dower is denied by the respondents, that the complainants bill is to be dismissed. The Chancellor should retain the bill for a reasonable time, until the right at law is established. *Curtis vs. Curtis,* 2 *Brown, Ch. Rep.* 619.

The decree of the Chancellor is *reversed,* and this Court will remand the cause to the Chancery Court, that such order may be there taken, as is prescribed by this decree.

Decreed, that the decree of the Chancery Court, in this case, be, and the same is hereby reversed, with costs to the appellants in this Court, and it is further adjudged, ordered, and decreed, that the record in this case, and all the proceedings therein, be remanded to the High Court of Chancery, and that the said Court retain the bill, for such time as the Chancellor may think, under all circumstances, reasonable, to enable the female complainant's title to the dower claimed by her in said bill, to be established at law, and that in the event of the said complainant's title to dower, being established in her favor at law, within the time aforesaid, that then, the said Court of Chancery do pass such a decree in the premises, as it might have done, had said title to dower not been controverted; otherwise that the Chancellor pass a decree in the premises, dismissing the complainant's bill with costs.

DECREE REVERSED.