WILLIAM BOONE AND OTHERS  
     vs.  
SAMUEL BOONE AND OTHERS.   July Term, 1850.

[PARTITION.]

This Court will not sustain a bill for a partition, where the title of the complainant is denied, or not clearly established by the evidence; but will retain it for a reasonable time, to give him an opportunity to make out his title at law.

The fact that the defendant relies upon lapse of time, and limitations founded on long possession, is a strong reason for leaving the complainant to make out his title at law.

[The facts of the case are sufficiently stated in the opinion.]

The Chancellor :

This is a bill for a partition, and the title of the plaintiffs being denied, and not, in my opinion, established with that degree of conclusiveness which is required in such cases ; the relief prayed cannot be granted, though the bill will be retained for a reasonable time, to give the plaintiffs an opportunity to make out their title at law.

In the case of *Wilkin* vs. *Wilkin*, 1 *Johns. Ch. Rep.*, 111, the Chancellor said, " The Court does not sustain a bill for a partition, unless the title be clear." And in *Cartwright* vs. *Pultney*, 2 *Atk.*, 380, Lord Hardwicke observed, that " where there are suspicious circumstances in the plaintiff's title, the Court will leave him to law."

As remarked by Chancellor Kent, in *Wilkin* vs. *Wilkin*, it appears to be the course of the Court, when the question of title on a bill for partition was in issue, to give the plaintiff a reasonable opportunity to try his title at law, and in the mean time to preserve the bill. In this case it is too clear for controversy, that the title of the plaintiff is involved in doubt and difficulties ; that it is surrounded by suspicious circumstances,

and depends upon some questions of a strictly legal character, which render it eminently proper that it should be submitted to examination in a Court of Law. One of these questions is, whether the defendants are not protected by lapse of time, and the statute of limitations relied upon, in the answer of some of them rendering it still more essential that the plaintiffs should make out their title at law.

In the case of *Wells et ux* vs. *Beall*, 2 *G. & J.*, 468, this course was pursued by the Court of Appeals, upon a bill for dower, when the husband's title to the land was controverted, the bill being retained, and a reasonable time given, to enable the complainant to establish her title at law.

---

[The Chancellor then passed an order, allowing complainants the period of twelve months, to establish their title at law, and in the mean time retaining the bill, with leave to any of the parties at any time after the expiration of said twelve months, to move for such further order and decree as the case may require.

In the case of *Saffels and Wells* vs. *Wells and others*, decided at the same term, involving the same question, the Chancellor delivered the following opinion.]

---

THE CHANCELLOR :

I had occasion, a few days ago, in the case of *Boone* vs. *Boone, et al.*, to consider the question presented by the pleadings in this case, and came then to the conclusion, that this Court would not sustain a bill for a partition, where the title of the complainant was denied, or not clearly established by the evidence. Following, however, the authority of the Chancellor in *Wilkin* vs. *Wilkin*, 1 *Johns. Ch. Rep.*, 111, I deemed it proper to retain the bill for a reasonable time, to give the complainant an opportunity to make out his title at law, if he could do so. And in this respect, also, pursuing the course adopted by the Court of Appeals in *Wells and wife* vs. *Beall*, 2 *G. & J.*, 468, where, in a bill for dower, the title of the husband being controverted, the cause was directed to be

retained for a reasonable time, that the right be established at law.

In this case, the title of the plaintiffs to any portion of the land of which a partition is prayed, is most emphatically denied by the defendant, William Wells, of George, and there is certainly nothing in the record clearly establishing it, in opposition to the answer. The case, therefore, comes directly within the precedent already set, and must be disposed of accordingly. And there is this additional and strong reason for leaving the complainants here to make out their title at law, that the defendant, Wells, relies upon lapse of time, and limitations founded upon long possession. This consideration, as observed by Chancellor Kent, renders it still more proper that the complainants should be required to establish their title at law, before they come into Chancery for a partition.

[The Chancellor then passed an order similar to that in the previous case.]