## ABNER CAMPBELL *vs.* URITH LOWE.

A deed conveyed real estate to two parties as tenants in common, and the interest of one was levied on and sold under a judgment recovered against him prior to the date of the deed. HELD:

That the other tenant in common could not, as against the purchaser at the sheriff's sale, show that the deed was intended, as between the grantees, to operate only as a security by way of mortgage, for a loan made by the one whose interest was so sold to the other.

Parties to a deed cannot, in a controversy with strangers, insist that the instrument does not express what it was designed to express.

A purchaser at sheriff's sale is substituted by law to the rights of the judgment creditor under whose execution he purchased, and cannot be affected by any disclaimer of title or any conveyance made by the judgment debtor *after* the judgment became a lien on the property.

Upon a bill for partition, where the title of the complainant to the property is denied, the general practice is to retain the bill until the right can be tried at law.

But where the complainant has shown a *legal title*, and the defence is one cognizable only in a court of equity, that court must entertain and decide the question of title.

A bill for partition averred that the land was not capable of division, that the defendant refused to divide or unite in a sale, and that it was for the interest and advantage of the parties to have the same sold. The prayer of the bill was for a sale and for *general relief*. The complainant proved his title as tenant in common but the court dismissed the bill, because there was no proof that a sale would be advantageous to the parties. Upon appeal, HELD:

That under this bill the complainant was entitled either to a decree for a sale *or a partition*, according to the *evidence*, and having proved his title as tenant in common, the cause must be remanded under the act of 1832, ch. 302, sec. 6, for such further proceedings or proof as the purposes of justice may require.

The statement that the defendant had refused to divide the property, though inappropriate in view of the averment that it did not admit of partition, will not vitiate the case made by the bill or affect the right to relief under the *general prayer*.

Every tenant in common is entitled to the separate enjoyment of his interest, either by partition or by a sale and division of the proceeds under our acts of Assembly.

The acts of 1785, ch. 72, sec. 12, and 1831, ch. 311, sec. 7, must be construed in connection with the law as it stood before their passage, and where it does not appear that a sale would be for the advantage of the parties, partition may still be made as matter of right, and it will not be refused on the ground of difficulties or inconvenience attending it.

These acts give a new remedy in order to promote the interest of the par-

ties, but the object in view, *separate enjoyment,* is the same whether the bill be filed for partition merely, or in the alternative, though to give the court jurisdiction under these acts, it must be averred that the sale would be to the advantage of the parties.

Wherever it appears that the case cannot be determined on its merits, or that the purposes of justice will be advanced by permitting further proceedings, the cause must be remanded under the act of 1832, ch. 302, sec. 6.

APPEAL from the Equity side of the Circuit Court for Frederick county:

The bill in this case, filed by the appellant, alleges that the defendant Urith Lowe, and William Lowe, were seized and possessed of two lots of ground and premises in Frederick town which were conveyed to them as tenants in common by deed from Philip Reich and wife, dated the 28th of April 1846; that in 1837 a judgment was recoved against William Lowe, which was revived by *scire facias* in 1850, and a *fi. fa.* issued thereon, under which the interest of William Lowe in the above property was sold at sheriff's sale to the complainant, and the sheriff's deed therefor duly executed, and the complainant put in possession under a writ of *habere facias.* The bill then charges that said Urith Lowe and complainant, were seized and possessed of this property as tenants in common, that the same will not admit of partition, and that the interest and advantage of the said Urith Lowe and complainant require that the property should be sold under a decree, and the proceeds divided between the parties entitled to the same; that the said Urith refuses to divide the property or unite with complainant in a sale of the same, claiming the entire estate therein by virtue of a pretended sale and deed executed by said William Lowe, made and executed since the date of the original judgment, and between the *sci. fa.,* and the *fiat* thereon. The bill then prays that the property may be sold under a decree, and the proceeds distributed to the parties entitled to the same, and for general relief.

Certified copies of the deed from Reich and wife, to Urith Lowe and William Lowe, and of the sheriff's deed to the complainant Campbell, and short copies of the judgment against William Lowe, and the *scire facias* thereon, were filed as exhibits with the bill.

The answer admits the recovery of the judgment against William Lowe, and the execution of the deed from Reich and wife, but denies that complainant has any interest whatsoever in the property in common with respondent, or that he acquired any such interest under the pretended sale by the sheriff. She also denies that William Lowe has, or ever had, any interest in the property in common with her except as hereinafter stated. She then states that shortly before the date of the deed from Reich, she, by herself, and assisted by William Lowe, who sometimes acts for her, purchased the property from Reich for $1250, and paid him this sum; that to make up this sum she borrowed $275 from William Lowe, she having $900 of her own money: that the deed from Reich and wife, was executed to her and the said William jointly, by *mistake*, and that the same was intended solely as a mortgage from her to the said William to secure the payment of the said $275, and for no other purpose whatsoever; that this deed was prepared by said William, who represented to respondent that it would be a proper mode to secure the money so borrowed from him, and would supersede the necessity of an additional instrument by way of mortgage; that respondent consented to receive the deed in this form, with the understanding and belief that its only effect would be by way of mortgage, so far as William Lowe was concerned; that on the 10th of July 1849, she paid to said William the full sum of $275, with interest, and he executed to her a deed conveying his interest in the property, as and for a release of mortgage; that she is wholly unacquainted with business, and the forms of transacting the same, and that all her business in this behalf was conducted for her by said William, who is her brother, and in whom she confided implicitly; that complainant has never been in possession of any part of the property, and that the sheriff never delivered actual possession of any part to him. She then submits that the complainant, upon the allegations in his bill, is not entitled to the relief prayed, and has not shown a case giving the court jurisdiction.

A commission was then issued, under which it was proved, on the part of complainant, by *Philip Reich*, the grantor in

the deed to William and Urith Lowe, that he made the contract of sale with William Lowe; that witness proposed to William Lowe to purchase the property, who replied that he was not able to buy it himself, but would consult his sister, and if she agreed they would buy it together; that said William afterwards told witness that they had agreed to take it, and the contract was consummated; that $250 of the purchase money was paid by the check of William Lowe, and the balance by joint note of William and Urith Lowe, and that said William produced the deed at the time of its execution.

The defendant proved, by William Lowe, that the property belonged to respondent; that witness never had any interest in it except that he loaned her $275, to be secured by mortgage thereon; that when the deed was about to be made from Reich, witness told respondent that if his name was inserted in the deed, it would be the same thing as a mortgage from her to him, and would save the expense of a separate instrument, and she consented under that belief; that the deed was intended as a mortgage to secure this $275, and for no other purpose; that in the purchase from Reich he acted as the agent of respondent; that respondent knew nothing about business matters, and relied wholly on witness, who attended to her business from her childhood.

Exceptions were then filed, by both parties, to the evidence, and the cause submitted for hearing and argued. A petition was then filed by the complainant alleging, that through mistake and inadvertence of the solicitor in preparing the interrogatories, proof that the property will not admit of division, and that it would be to the advantage of the parties to have the same sold, was omitted, and that should the court be of opinion the parties were tenants in common of the property, it will be necessary to take such proof, and in that case praying that the commission may be remanded for this purpose.

The court (WM. M. MERRICK, Special Judge) refused to remand the commission, and passed a decree dismissing the bill, but without prejudice, upon the ground that there was no proof that it would be for the interest and advantage of the parties to have the property sold, without deciding the question

whether the complainant had established his title to a tenancy in common, or not. From this decree the complainant appealed.

The cause was argued before EccLESTON, TUCK and MASON, J.

*Joseph M. Palmer* for the appellant, argued:

1st. It is a well settled principle, that a judgment binds after-acquired land as well as that owned at the time of its rendition. The moment William Lowe's legal or equitable interest accrued to him, in the real estate conveyed by the deed from Reich, the judgment fastened upon it and became a lien, and when this lien had once attached it was not in the power of William Lowe, by any subsequent conveyance to his sister or any one else, to defeat it. 1 *Md. Ch. Dec.*, 464, *Hayden vs. Stewart.* 12 *G. & J.*, 182, *Murphy vs. Cord.* 15 *Johns.*, 464, *Stow vs. Tifft.* 3 *Bland*, 284, *Coombs vs. Jordan. Bing. on Judgments*, 97. *Sugden on Vendors*, 547.

2nd. So soon as Campbell, the appellant, purchased of the sheriff the title and interest of William Lowe in this real estate, and obtained the sheriff's deed therefor, he became seized thereof as tenant in common with Urith Lowe, and had a right to proceed, under the acts of 1785, ch. 72, sec. 12, and 1831, ch. 311, sec. 7, for a sale or partition of the same.

3rd. The evidence of William Lowe, one of the grantees in the deed from Reich, is inadmissible, so far as it goes in any way to vary, add to, or contradict the terms of that deed expressed upon its face, except to show fraud or *mistake in fact*. 6 *H. & J.*, 28, *Wesley vs. Thomas. Ibid.*, 435, *Watkins vs. Stockett. Ibid.*, 299, *Cannell vs. M'Cean.* 10 *G. & J.*, 404, *Jones vs. Hardesty.* 2 *Md. Rep.*, 35, *McElderry vs. Shipley.* 6 *H. & J.* 128, *Bend vs. Susq. Bridge & Bank Co.* Where fraud or mistake *in fact* is relied upon as a defence, it must be averred in the answer. 6 *Md. Rep.*, 485, *Showman & Wife, vs. Miller.* And even if there was a mistake of the law, the appellee could not shelter herself under that mistake; for every man is to be charged at his peril with a knowledge of

the law. 2 *Johns. Ch. Rep.*, 51, *Lyon vs. Richmond*. 6 *Do.*, 169, *Storrs vs. Barker*. 8 *Wheat.*, 174, and 1 *Pet.*, 1, *Hunt vs. Rousmaniere*, and the same case in 2 *Mason*, 342. 1 *Gill*, 29, *Stevenson vs. Reigart*. 1 *Story's Eq*., secs. 113 to 116.

4th. The court erred in the exercise of a legal discretion in dismissing the petition to remand the commission, for the purpose of supplying the defect in the evidence, so that the substantial merits of the case might be decided and justice advanced. It has been, it is respectfully submitted, the uniform practice of courts of equity in this State to remand commissions before final decree, whenever it is discovered that it would promote the ends of justice. This practice is sanctioned by the act of 1832, ch. 302, sec. 6, by giving to the Court of Appeals the same power that the inferior courts were in the constant habit of exercising before that act. This act provides, that this court *shall* order a case falling within its provisions, to be remanded to the court from whose decision the appeal was taken. 11 *G. & J.*, 253, *Chaney vs. Tipton*. It is the practice also of the English courts of equity to give leave, after the hearing of a case, to exhibit further interrogatories to prove facts omitted, and even at the rehearing of a case. *Prec. in Chan.*, 64, *Bloxton vs. Drewit*. *Ibid.*, 493, *Spence vs. Allen*. 2 *Atk.*, 56, *Wallis vs. Hodgeson*. 1 *Russell*, 526; (*note.*) 2 *Cox*, 2, *Attorney General vs. Thurnhall*. 1 *Merivale*, 31, (*note*,) *Walker vs. Symonds*. *Jacob*, 337, *Cox vs. Allingham*. 13 *Ves.*, 285, *Kirk vs. Kirk*. 4 *Simons*, 101, *Hood vs. Pimm*.

5th. The court erred in dismissing the bill, for the complainant was entitled to a decree, under the general prayer of his bill, for the sale of the equitable interest of William Lowe in the real estate, which interest, to the amount of $275, with interest, he has shown, from his own evidence, that he possessed, and which was bound by the judgment and sold by the sheriff to the appellant. It is well settled, that a judgment is a legal lien on an equitable interest in real estate from the time of its rendition, and that such interest can be sold to satisfy the judgment. 8 *G. & J.*, 38, *Miller vs. Allison*. *Ibid.*, 73, *McMechen vs. Marman*. That equitable interest was sold to

the complainant, and he is entitled to relief, to that extent, most certainly under the proceedings in the case.

*William P. Maulsby* for the appellee, argued:

1st. That there is no proof of the complainant's title as alleged in his bill. None of the exhibits filed with the bill are proved under or returned with the *commission.* 2 *Md. Rep.,* 137, *Eyler & Matthews, vs. Crabbs.*

2nd. That even if the documentary evidence had been duly returned under the commission, William Lowe had no title to or interest in the property at the time of the alleged purchase by the complainant, and that his name was inserted in the deed from Reich and wife by mistake, and in fraud of the appellee, and that the appellant, who claims under William Lowe as against the appellee, cannot avail himself of that deed, or found any claim thereon.

3rd. That there is no proof that it would be for the interest and advantage of the parties that the property should be sold. This allegation was necessary to give the court jurisdiction under our acts of Assembly, and must be sustained by proof. The bill is founded *entirely* upon these acts of Assembly, for it contains the *unqualified averment* that the property is *not susceptible* of partition. There being no proof then to sustain this allegation, and, consequently, the *jurisdiction* of the court, there was no error in dismissing the bill. 6 *G. & J.,* 111, *Harris vs. Harris.*

4th. That the petition for remanding the commission to take further testimony was properly dismissed, because that petition is not verified by affidavit, and also because the prayer of it is for relief, *if* the court shall have first determined one point in the case, and not absolute, and because, independent of the defects on the face of the petition, it would have been wrong to grant the prayer of it after the case had been submitted for final decree. 7 *G. & J.,* 275, *Somerville vs. Marbury.*

5th. That this court cannot remand the cause under the act of 1832, ch. 302, sec. 6. The bill alleges, that the property *cannot be divided,* and there being no proof that it would be for the interest and advantage of the parties to have it sold,

the bill could not be amended so as to demand *partition* or a sale, for such an amendment would be *contradictory* to the express averments of the bill, that the property *cannot be divided*. There is nothing, therefore, in the record from which this court can see that the substantial merits of the case will not be determined by an affirmance of the decree.

Tuck, J., delivered the opinion of this court.

We need not express an opinion upon the propriety of the court's refusal to remand the commission, at the instance of the appellant; because, although we may be satisfied that the court could have done no otherwise than dismiss the bill of complainant, in the condition of the cause, as presented for final decree, (*Harris vs. Harris*, 6 *G. & J.*, 111,) yet, if it appears that the case cannot be determined on its merits, or that the purposes of justice will be advanced by permitting further proceedings, it must be remanded under the act of 1832, ch. 306, sec. 6. *Chaney vs. Tipton*, 11 *G. & J.*, 253. *Buchanan vs. Torrance*, *Ibid.*, 342.

The complainant, as we think, has established his claim, as tenant in common with the defendant, to an undivided moiety of the property in question, by a title paramount to the defence set up in her answer, conceding that defence to have been fully sustained by the evidence. The judgment under which he purchased William Lowe's interest in the property was obtained before the deed from Reich and wife to his sister and himself, and fastened itself as a lien upon his interest, *eo instanti* his title accrued as tenant in common under that conveyance.

To relieve herself from this view of the case, as presented by the documentary evidence, the appellee insists that the property was wholly hers at that time, because she purchased and paid for it, and that the deed was executed to her and her brother, under the impression, on their part, that it would operate as a security, by way of mortgage, for a loan which he had made to her. It is not pretended that the deed is not in the form in which the grantees designed it to be, but they insist, that they then supposed it would have the effect now

imputed to it; that is to say, an effect that the law, as we think, does not allow, Now, whatever a court of equity might be authorised to do with this instrument, if the defendant were seeking to have it reformed as against William Lowe, we must deal with it as a case involving the rights of strangers to the transaction, and, in that aspect of the case, we are relieved from the necessity of passing upon the testimony offered to explain what the deed was intended to be. The defendant cannot, in a controversy with strangers, insist that the deed does not express what it was designed to express. She must abide by its construction and legal effect. *Henderson vs. Mayhew,* 2 *Gill,* 409. *Alderson vs. Ames,* 6 *Md. Rep.,* 52. *Anderson vs. Tydings,* 8 *Md. Rep.,* 427, 1 *Peters,* 1. The appellant, at a judicial sale, purchased the interest of William Lowe in this property, in reliance, as we must suppose, upon Reich's deed to him and his sister. He was substituted, by law, to the rights of the judgment creditor, under whose execution he made the purchase, (*Spindler vs. Atkinson,* 3 *Md. Rep.,* 423,) and cannot be affected by the disclaimer of title made by William Lowe, or by the deed from him to his sister, executed after the judgment became a lien on the property. 8 *Md. Rep.,* 427. If the deed could be reformed, as between the defendant and William Lowe, or made to operate differently from the legal import of its terms, to the prejudice of this appellant, by the introduction of matters *in pais,* cotemporaneous with or subsequent to the excution of the instrument, our registry acts would afford little protection to purchasers.

The defendant denies the title of the complainant to any interest in the property. Generally, in such cases, the practice is to retain the bill until the right can be tried at law. *Boone vs. Boone,* 3 *Md. Ch. Dec.,* 497. *Wilkin vs. Wilkin,* 1 *Johns. Ch. Rep.,* 111; as in cases of dower. *Wells vs. Beall,* 2 *G. & J.,* 468. But, as the point is to be determined, in this case, upon principles of equity—the complainant having shown a legal title, and the defendant relying upon a defence cognizable only in a court of equity—if the court in which the partition is sought, does not entertain the question of title, the defendant would be deprived of the benefit of her defence alto·

gether, for none such as that here relied on, could be made at law, even if the case were between the parties to the deed, and did not affect a stranger. *Cartwright vs. Pultney*, 2 *Atk.*, 380.

The remaining question is, whether the case can be remanded under the act of 1832, ch. 302, sec. 6. The argument on the part of the appellee is, that inasmuch as there is no evidence that a sale would be advantageous to the parties, and as the bill cannot be amended, so as to demand partition, or a sale, there is nothing by which the court can ascertain that the substantial merits of the case will not be determined by affirming the decree. If, as we have said, the complainant has established his claim to an undivided interest as tenant in common with the defendant, he is entitled to enjoyment of that interest, either by partition, (2 *Ambl.* 236, *Parker vs. Gerard;* 1 *Story's Eq.*, sec. 653,) or by a sale and division of the proceeds under our acts of Assembly. *Corse vs. Polk*, 1 *Bland*, 233. 2 *White & Tudor*, 329. He has presented his case in the latter aspect, alleging that the property cannot be divided, and that it would be for the advantage of the parties to have the same sold for a division, and this averment is not denied in the answer. The prayer is for a sale, and for general relief. The acts of 1785, ch. 72, sec. 12, and 1831, ch. 311, sec. 7, authorize the sale of property held in common, where the interest of all the parties requires that mode of partition. But these acts must be construed in connection with the law as it stood before their passage, and where that fact does not appear, partition may still be made, as matter of right to the party, and courts of equity will not refuse it, on account of the inconvenience or difficulties attending the partition. *Agar vs. Fairfax*, 2 *White & Tudor*, 351. These acts give a new remedy, in order to promote the interest of the parties, but the object in view— separate enjoyment—is the same, whether the bill be filed for partition merely, or in the alternative; though to give the court jurisdiction under the acts of Assembly, it must be averred that a sale would be to the advantage of the parties. *Tomlinson vs. McKaig*, 5 *Gill*, 256. Suppose that in this case proof had been taken, and the court had been satisfied that

the interest of the parties did not require a sale, would there have been any reason or justice in dismissing the bill, and subjecting the parties to the cost of another proceeding, for partition in the ordinary way, on the assumption that such relief would be inconsistent with the object of the bill? Why not, in such a case, if the court were satisfied of the complainant's right to partition, allow him the benefit of his proceeding, by ordering a commission for that purpose? The error in the argument of the appellee's counsel is this, that it treats this bill as seeking to obtain one of two inconsistent alternative objects, whereas the design of the proceeding is to obtain partition of this common property, in one of two modes allowed by the law, according to the situation of the property, and circumstances of the case. It is within the doctrine applicable to the uses of the general prayer. In *Tomlinson vs. McKaig*, 5 *Gill*, 256, a bill was filed under the act to direct descents, in which it was averred that the land would not admit of advantageous division, and a sale was prayed. There was also a prayer for general relief, and such other proceedings as might be necessary. The court held, that "the complainants were entitled, under the frame of the bill and the prayers, to such action of the court as the case made in the bill would by law entitle them to; that it was not material to the case that the bill assumed that the land was incapable of division, and that there was a specific prayer for the appointment of a trustee to sell the lands; that the one might have been an inappropriate averment, and the other an inappropriate prayer, for such a case; but they would not vitiate averments conferring jurisdiction, or affect a prayer for general relief, which always justifies the ultimate action of the court thereupon, in pursuance of the case made by the bill." In this case the appellant states his title; that the property will not admit of partition; that a sale would be advantageous to both parties; that the defendant refuses to divide the property, or to unite in making a sale. The averment that the lots did not admit of partition, may have been inappropriate, in view of the statement that the defendant had refused to divide the property; but, as in the case cited, such a statement ought not to vitiate the case made by the

bill, or affect the complainant's right to be relieved by partition, under the general prayer.

We are aware that the provisions of the act to direct descents are not the same as those of the acts of 1785 and 1831; but the object is the same in both; that is, to obtain separate enjoyment of joint property. Now, under the descent laws, it is clear that the complainant need only show his title, and his right to have the property divided, and, if it cannot be divided with advantage to the parties, he will be entitled to have it sold for division. *Chaney vs. Tipton,* 11 *G. & J.,* 253. When the doctrines of the common law relating to partition, and the acts of Assembly on that subject, are considered together, they do not so far differ from those regulating descents as to deny to a tenant in common substantially the same course of proceeding in obtaining partition as are enjoyed by parceners. It is sufficient, in order to have relief under the act of 1831, to show that the complainant is entitled to have partition of the property, that the defendant has refused to make partition, and that it would be for the interest and advantage of the parties to have the same sold for distribution of the proceeds. A bill thus framed, with a prayer for specific relief by a sale, and one for general relief, would authorize the court to decree a sale, or a partition, according to the evidence.

The object of this bill is to have separate enjoyment of the respective interests of the parties. We have seen that the complainant is entitled to relief in one of two modes, and as the substantial merits of the case cannot be determined on this record, it must be remanded, under the act of 1832, ch. 302, when the parties will have an opportunity of taking such other proceedings, by pleadings or proofs, as the purposes of justice may require.

*Decree reversed and cause remanded.*