# GEORGE A. THRUSTON *vs.* FREDERICK MINKE and Wife, and others.

*Bill by one Tenant in common against his Co-tenant, for a Sale of the Common Property — Specific description of the Property not needed in the Bill — Who are not proper Parties to the Proceeding — Equity Practice — Partition — Sale.*

In a bill for the sale of real estate, such a general description only is required as will lead to the identification of the property upon which the decree is intended to operate: and the pleadings and proof in the cause may be resorted to for this purpose.

As a general rule, in a proceeding by one tenant in common against his co-tenant for the sale of the common property as incapable of a just and equitable partition, a mortgagee or judgment creditor is not a proper party.

But in all cases where the estate is to be sold in order to effect a division among those entitled, and there are incumbrances to which it is subject, if there be any doubt or question as to the extent of the liens, the Court should, either before decree or before sale made thereunder, direct an ascertainment to be made of the amount of incumbrance, so that no deception be practised or prejudice done to any party concerned in the sale.

Where, in a proceeding by one tenant in common against his co-tenant for the sale of the common property, the mortgagees of the undivided interests in the estate have been made parties, and have acquiesced therein, the existence of the mortgages presents no substantial objection to decreeing a sale free and clear of these incumbrances, and allowing the claims to be discharged out of the proceeds of sale.

And in the same proceeding, the tenants in possession, holding only from year to year, are, in no sense, proper parties, and the omission to make them parties, forms no ground against the decree of sale.

In cases of partition, if one tenant in common has demised his undivided share in the estate for a long term, it is necessary that the tenant in possession should be made a party to the bill in order that he may be required to join the lessor in the deed of severance; but in a case where a sale of the estate is to be made, no such necessity exists.

An estate in common, although susceptible of partition, will, nevertheless, be decreed to be sold, if it be shown that the division cannot be made without loss or injury to the parties interested.

APPEAL from the Circuit Court for Allegany County, in Equity.

The cause was argued before BARTOL, C. J., STEWART, BRENT, MAULSBY, MILLER, ALVEY and ROBINSON, J.

*George A. Thruston,* for the appellant.

*J. H. Gordon* and *R. C. Jones,* for the appellees.

ALVEY, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Allegany county, adjudging certain real estate to be sold for purposes of partition among the parties entitled.

It is charged in the bill filed by the appellee, that he and George A. Thruston, the appellant, are seized in fee-simple, as tenants in common, (Minke, the appellee, of an undivided three-fourths, and Thruston, of an undivided one-fourth,) of all that piece or parcel of ground situate in the city of Cumberland, called and known as the "St. Nicholas Hotel Property," with the improvements thereon; and that such property is incapable of a just and equitable partition between the owners, and that it would be to the interest and advantage of all parties concerned, that the same should be sold, and the proceeds of sale distributed among those entitled, according to their respective interests.

It is also alleged, that there are three mortgages on the property, two of them executed by Minke, and the other by Thruston, and that some portion of the debts secured by these morgages was not due at the time of filing the bill. The mortgagees, and the assignees of one of them, are made parties defendants, and the prayer of the bill is, that the property may be decreed to be sold free and clear of the mortgage in-

cumbrances, if the mortgagees elect to receive their money before it should become due, and if not, then that the property may be sold, subject to the then existing mortgages.

Thruston and his wife, in their answers to the bill, take various grounds against a decree for sale. The holder of one of the mortgages answered, and consented to a decree, and to receive the money secured by the mortgage out of the proceeds of sale; and the other two mortgagees failing to answer, an *ex parte* decree was passed as against them.

There is no question made as to title, but the grounds taken by Thruston and wife, in their answers, against a decree for a sale of the property, are—

1. That the description of the property contained in the bill is not sufficient to embrace all the property held in common by the parties.

2. That the mortgage incumbrances created by Minke on his interest in the property, should be allowed to mature and be discharged before a decree for sale.

3. That there are tenants in possession of the property, and that they are necessary parties to the cause.

4. That there is a certain injunction suit depending in regard to the common property, and that no decree for sale should pass until that suit is determined.

5. That the property is susceptible of partition, and, therefore, should not be decreed to be sold.

We shall briefly dispose of these several objections in the order here stated:

1st. The general description of the property given in the bill sufficiently points to the subject-matter of the proceeding, and will embrace all the grounds and buildings heretofore known as the "St. Nicholas Hotel Property," except, of course, that part of it leased to Minke by Thruston for a long renewable term, and the reversion in which has been conveyed by the latter, and is, therefore, no longer any part of the common property as between these parties. It is not usual to set out in the bill such a specific description of the

property as may be required in a deed of conveyance; and all that would seem to be required is, that such general description be given as will lead to the identification of the property upon which the decree is intended to operate. Moreover, the general description of the premises found in the bill, is made specific and particular by the proof in the cause, and as the decree is founded upon the pleadings and proof, reference must be had to both of these in order to ascertain the identity of the subject-matter of the decree.

2d. As a general rule, an incumbrancer, as mortgagee or judgment creditor, is not a proper party to a proceeding like the present. His rights cannot be affected either by sale or partition. He cannot be compelled to join in the partition, nor can any relief be prayed against him in such a proceeding. *Baring vs. Nash,* 1 *Ves. & B.,* 551; *Wotten vs. Copeland,* 7 *John. Ch. Rep.,* 140. If the estate is partitioned, the lien of the incumbrance fixed on an undivided part of it will, after the division and allotment be confined to the particular share or part allotted to the party creating the incumbrance; and if the estate is sold, the purchaser will take it subject to the lien of the incumbrance upon the undivided share of the party against whom the mortgage or judgment was held before sale. *Harwood vs. Kirby,* 1 *Paige,* 469. But in all cases where the estate is to be sold in order to effect a division among those entitled, and there are incumbrances to which it is subject, if there is any doubt or question as to the extent of the liens, the Court should, either before decree or before sale made thereunder, direct an ascertainment to be made of the amount of incumbrance, so that no deception be practiced or prejudice done to any party concerned in the sale.

In this case, however, the mortgagees of the undivided interests in the estate have been made parties to the proceeding, and they have not objected thereto, but have acquiesced, and are therefore bound by it; and as their debts are now due, though one of them was not so at the time of passing the

decree appealed from, there can be no substantial objection, by reason of the existence of such mortgages, to decreeing a sale of the property, free and clear of these incumbrances, and allowing the claims to be discharged out of the proceeds of sale. This course would seem to be promotive of the interests of all concerned. And though the decree of the Court below, while directing the property to be sold free and clear of two of the mortgages, directs that the sale be made subject to the third, that can be corrected on the cause being remanded for that purpose.

3d. The omission to make the tenants in possession parties to the proceeding, forms no ground against the decree of sale. They are in no sense proper parties. It is shewn that they are holding only from year to year, and their rights as renters can in no manner be affected by the decree of sale. The purchaser will take the estate subject to the existing rights of the tenants, and, of course, will be entitled, as assignee of the reversion, on the final ratification of the sale, to the rents falling due after the time of the sale made. *Wagner and Marshall vs. Cohen,* 6 *Gill,* 97. In cases of partition, if one tenant in common has demised his undivided share in the estate for a long term, it is necessary that the tenant should be made a party to the bill in order that he may be required to join the lessor in the deed of severance; but, in a case like the present, where a sale is to be made of the estate, no such necessity could exist.

4th. Whatever ground of objection may have existed to a decree of sale in this cause, by reason of the pendency of the injunction suit, wherein a question of right appurtenant to the common property was involved, that can no longer exist. The order dissolving the injunction in that case having been appealed from, this Court, at its present term, has reversed the order of the Court below, and reinstated the injunction to restrain the appellee from the violation of his covenant with the appellant. And as the object of that covenant was the protection of the estate decreed to be sold in this cause, the

right, by virtue of such covenant, will pass to the purchaser as appurtenant to his estate. *Thruston vs. Minke & Humbird, ante,* 487.

5th. It does not follow, as the appellant seems to suppose, that because the property is susceptible of partition, it should not be decreed to be sold. As was said by this Court, in the case of *Campbell vs. Lowe,* 9 *Md.,* 500, every tenant in common is entitled to the separate enjoyment of his interest in the common property, either by partition or by sale and division of the proceeds, under our statutes. If it be alleged and proved that the estate *cannot be divided without loss or injury to the parties interested,* the Court is clothed with power, by the statute, (1 *Code, Art.* 16, *sec.* 99,) to decree a sale, and a division of the money arising therefrom among the parties, according to their respective rights. This statute provision is a modification of the previous law on the subject, and was intended to promote the interest of the parties concerned. It is, however, to be construed with reference to the pre-existing law, and if it is not made to appear that the estate cannot be divided without loss or injury to the parties interested, it must be partitioned in the ordinary way. Partition is matter of right, and the only modification of it with us is, that the estate may be sold instead of being partitioned in kind, if it be shewn that the latter course cannot be pursued without loss or injury to the parties interested. In this case the allegation is, that the estate is incapable of a just and equitable partition between the owners thereof, and that it will be to the interest and advantage of all parties concerned that it be sold. This averment, while it does not pursue the language of the statute, is, nevertheless, equivalent to a direct allegation that the estate cannot be divided without loss or injury to the parties, or some of them. And though the estate may be susceptible of partition, yet, if loss or injury would occur to any of the parties thereby, and which could be avoided by sale, the latter is the proper mode by which to effect a separate enjoyment of the several interests in the estate. Here

it is clear, partition without loss or injury, is impracticable if the property is to be preserved in its present condition, and for the purposes for which it was originally intended; and the only mode by which the interest of the parties can be rendered separate, and at the same time fully guarded and protected, is by sale. The Court below was, therefore, right in decreeing a sale of the property. But, as the property was directed to be sold, subject to the incumbrance of the mortgage, executed by Thruston to Humbird, and which, though not due at the time of passing the decree appealed from, is now due, we shall, without affirming or reversing the decree, remand the cause, under section 28 of Article 5 of the Code, that a decree may be passed directing the property to be sold free and clear of all the mortgages thereon, and that the mortgage claims be paid out of the proceeds of sale.

*Cause remanded accordingly.*

