# EDWARD H. ROWE ET AL. *vs.* VIRGINIA GILLELAN ET AL.

*Sale of Land for Division of Proceeds Among Owners Not Decreed When it Can Be Partitioned Without Loss— Decree for Partition in Kind Under Bill Asking for Sale.*

Tenants in common of land are entitled to have partition or division of the same in kind; and it is only when the land cannot be divided without loss or injury that the Court is authorized under Code, Art. 16, sec. 129, to direct a sale of the property and division of the proceeds among the owners.

The bill in this case, filed by the owner of an undivided fourth interest in a tract of land containing about seventy-one acres against the defendants, one of whom owned two-fourths and the other one-fourth of the land, alleged that it could not be divided without loss or injury, and prayed for a sale of the property and a division of the proceeds among the parties according to their respective rights. The defendants alleged that the land could be divided not only without injury, but to the advantage of all concerned. *Held,* that the evidence shows, upon reference to the topography of the tract, that

upon a partition each party would get an equal proportion of tillable land, woodland, hilly land, and each would have access to water, and that consequently the land should be partitioned, and not sold.

When a bill prays for a sale of land and division of the proceeds among the owners thereof, and also for general relief, if the evidence shows that the land can be divided without loss or injury, the Court may decree that a partition be made under the prayer for general relief.

*Decided January 13th, 1910.*

Appeal from the Circuit Court for Frederick County (MOTTER, J.).

The cause was argued before BOYD, C. J., BRISCOE. PEARCE, SCHMUCKER, BURKE, THOMAS and PATTISON, JJ.

*Milton G. Urner* and *Milton G. Urner, Jr.*, for the appellant.

*Frank L. Stoner* and *Vincent Sebold* (with whom was *Leo Weinberg* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from a decree of the Circuit Court for Frederick County, under which certain real estate was directed to be sold for purposes of partition. The bill was filed by H. Morris Gillelan, a son of David S. Gillelan, who died intestate on the 7th day of November, 1904, leaving surviving him a widow, Virginia Gillelan, and four adult children, his only heirs at law. His children are H. Morris Gillelan, the complainant, and Anna, Charles and William Gillelan. At the time of his death he was seized of a tract of land in Frederick County containing about seventy-one acres, and upon his death the title to this land vested in his heirs at law, subject to the dower of his widow. Twenty-two and one-half acres of this land were sold prior to the institution of

this suit. Before the suit was brought Virginia Gillelan, Anna B. Gillelan, and William R. Gillelan by deed dated December 30th, 1907, granted and conveyed all their interest in the land in question to Edward H. Rowe. The evidence shows that he paid one hundred and seventy dollars each to the two children for their undivided interest, and one hundred and seventy-five dollars to Mrs. Gillelan for her dower interest in the whole tract, so that at the time of the institution of the suit Rowe was the owner of two undivided fourth interests, and the other two fourths were owned by the plaintiff and Charles Gillelan, one of the defendants. The prayers of the bill are:

(1) That a decree may be passed for the sale of the property.

(2) That the proceeds of the sale may be divided among the parties in interest according to their respective rights.

(3) And for such other and further relief as the case may require.

The ground upon which the sale of the property is asked is, as alleged in the fourth paragraph of the bill, that it "is not susceptible, or capable of division or partition without great and irreparable loss and injury to the parties." The answer of the respondents, who comprise all the persons interested in the property, except the complainant, denies the allegations of the fourth paragraph of the bill, and avers "that the real estate mentioned is susceptible and capable of division or partition among the parties thereto entitled without loss or injury to said parties, and they aver that the said real estate consists of an unimproved tract of land containing 48 acres, 2 roods and 10 perches, more or less, and is so situated with reference to public roads and adjacent properties as to be divisible among the parties thereto entitled, not only without loss or injury, but with an actual increase in its value."

The lower Court was of opinion that the allegations of the fourth paragraph of the bill had been proved, and, therefore, directed a sale of the property. With this conclusion we are

unable to agree. We think the evidence is not of such a character as to authorize the Court, against the protests of the owners of three-fourths of the property, to sell it. They had a right to have a division in kind, if that division could be had without loss or injury to the parties in interest, and it is only where the evidence shows that it cannot be divided without loss or injury that the Court is authorized to direct a sale under *Section* 129 *Article* 16 *of the Code* 1904. In *Thurston* v. *Mincke,* 32 Md. 576, JUDGE ALVEY stated the rule which should be applied in cases of this kind: "If it be alleged and proved that the estate cannot be divided without loss or injury to the parties interested, the Court is clothed with power, by the statute, to decree a sale, and a division of the money arising therefrom among the parties, according to their respective rights. This statute provision is a modification of the previous law on the subject, and was intended to promote the interest of the parties concerned. It is, however, to be construed with reference to the pre-existing law, and if it is not made to appear that the estate cannot be divided without loss or injury to the parties interested, it must be partitioned in the ordinary way. Partition is a matter of right, and the only modification of it with us is, that the estate may be sold instead of being partitioned in kind, if it be shown that the latter course cannot be pursued without loss or injury to the parties interested."

In our opinion, the evidence fails to support the jurisdictional averment made by the bill, viz, that this property cannot be divided without loss or injury. The burden was upon the plaintiff to make out a case within the rule stated. The evidence is conflicting upon the essential question involved; but the weight of the evidence is in favor of the contention of the respondents stated in their answer.

The property is located about one and a quarter miles from Emmitsburg, and is bounded on the south and west by two public roads and on the east by Middle Creek. On the east about two and a half acres are hilly, and about six acres are in wood, and the balance of the land, about forty acres is

available for cultivation and pasture. Twenty and a half acres of this have been fenced off and cultivated, and the balance is good pasture land, and has been used for that purpose for a number of years,—the cattle having the benefit of shade, and water from Middle Creek.

About fifteen years ago an exchange was made between David S. Gillelan and John Krump by which some land at the upper corner of the tract along the creek was exchanged for a watering place for stock at the southeast corner along the Littletown road. The whole of the tract upon the east, except a small portion, touches upon Middle Creek, and waters of the creek, in varying width, are included within the lines of the property.

It is not disputed that this tract is capable of partition; but it is contended that a division would shut off access to water, except as to one lot, and the whole of the plaintiff's case rests largely, if not almost entirely, upon this assumption. This is evident from the testimony of all the plaintiff's witnesses. Mr. Patterson said that if the property were divided "one man would get timber, one would get water, and one would get a field in the hot sun." Mr. Ohler said there was only one watering place on the tract; and he also said that if the land "were divided and fence put up it would be worth much more." Mr. Harbaugh's reasons for his opinion that the land could not be divided without loss or injury were that (1) "some of this land is worth five dollars, and some fifteen dollars, and some twenty-five dollars per acre, that is the reason, because the land isn't all alike." (2) Because "there is only one place to water, that is on the eastern corner below the dam on Middle Creek." Mr. Annan said it could not be divided because each lot would not have access to water, and the complainant testified that the big objection to the division would be the water.

It is apparent that all these witnesses, and they are all that the complainant produced to support his case, had in mind the division of the tract upon lines run from the Littlestown road north. If that were the only way to make the

partition we would readily adopt their view and say that the division could not be made without loss; but upon the record before us these objections have no force if the lines are run east from the public road on the west to Middle Creek on the east. That would be a practicable way to make the division and would not upon the evidence before us result in loss to any of the parties. By this method, as stated by one of the witnesses, "each party would get an equal proportion of tillable land, wood land, hilly land, and each will have water, each strip being about equal in size, equal in quality and equal in value." The situation and topography of the tract. and the testimony offered in behalf of the respondents, satisfy us that the property can be divided without loss or injury, and that the reasons given against the position of the defendants are based upon an impracticable method of partition. The cost of fencing, after the division, has, we think, been much magnified. Assuming that two adjacent lots were allotted to Mr. Rowe, the owner of one-half, as would proba bly be done, it would only require two additional fences, and for all necessary purposes these fences would not be very expensive and these, as stated by Mr. Ohler and Mr. Adams, would increase the value of the land.

Under the bill the complainant was entitled to a partition, or sale according to the evidence, and under the prayer for general relief a partition may be had. For this reason, the bill will not be dismissed, but the cause will be remanded that a commission may be issued to make the division. This was settled in *Campbell* v. *Lowe,* 9 Md. 500, where the Court said: "Suppose that in this case proof had been taken, and the Court had been satisfied that the interest of the parties did not require a sale, would there have been any reason or justice in dismissing the bill, and subjecting the parties to the cost of another proceeding, for partition in the ordinary way, on the assumption that such relief would be inconsistent with the object of the bill? Why not, in such a case, if the Court was satisfied of the complainant's right to partition, allow him the benefit of his proceeding, by ordering a com-

mission for that purpose ? The error in the argument of the
appellee's counsel is this, that it treats this bill as seeking to
obtain one of two inconsistent alternative objects, whereas the
design of this proceeding is to obtain partition of this com-
mon property, in one of two modes allowed by the law, ac-
cording to the situation of the property, and the circum-
stances of the case. It is within the doctrine applicable to
the uses of the general prayer. In *Tomlinson* v. *McKaig,* 5
Gill, 256, a bill was filed under the act to direct the descents,
in which it was averred that the land would not admit of an
advantageous division, and sale was prayed. There was also
a prayer for general relief, and such other proceedings as
might be necessary. The Court held, that "the complainants
were entitled, under the frame of the bill and the prayers, to
such action of the Court as the case made in the bill would
by law entitle them to; and that it was not material to the
case that the bill assumed that the land was incapable of
division, and that there was a specific prayer for the ap-
pointment of a trustee to sell the land; that the one might
have been an inappropriate averment, and the other an in-
appropriate prayer, for such a case; but they would not viti-
ate averments conferring jurisdiction, or affect a prayer for
general relief, which always justifies the ultimate action of
the Court thereupon, in pursuance of the case made by the
bill." In this case the appellant states his title, that the
property will not admit of partition that a sale would be ad-
vantageous to both parties; that the defendant refuses to
divide the property, or unite in making a sale. The averment
that the lot did not admit of partition, may have been inap-
propriate, in view of the statement that the defendant had
refused to divide the property; but as in the case cited, such a
statement ought not to vitiate the case made by the bill, or
affect the complainant's right to be relieved by partition
under the general prayer."

Being of opinion that the lower Court had no jurisdiction
upon the evidence to order a sale of the property, the decree

will be reversed and the cause remanded, with leave to the parties to take such further proceedngs as the purposes of justice may require.

> *Decree reversed with costs, and cause remanded.*