## BERNADINE BOYD *v.* WILLIAM D. BOYD

[No. 1105, September Term, 1975.]

*Decided July 28, 1976.*

The cause was argued before ▮ORTH, C. J., and POWERS and MOORE, JJ.

*Paul J. Bailey*, with whom were *Bailey, Bailey & Broms* on the brief, for appellant.

*John P. Rue, II*, with whom were *Dorsey & Rue* on the brief, for appellee.

MOORE, J., delivered the opinion of the Court.

This appeal is from a decree, in a partition proceeding, that a 190-acre farm located in St. Mary's County be sold pursuant to subtitle BR of the Maryland Rules of Procedure, the court having determined that the property was not "subject to partition in kind." Appellant contends that the decree was clearly erroneous and that the court should have appointed Commissioners to investigate the matter of division of the property as prayed in her answer. We disagree and affirm.

I

In his bill of complaint, filed in the Circuit Court for St. Mary's County, Dr. William D. Boyd alleged that the property (hereinafter described) was not "susceptible to partition among those entitled to an interest therein without material loss and injury to them" and prayed that the property be sold and the proceeds divided. Appellant, Bernadine Boyd, alleged in her answer that the property *was* susceptible of partition in kind without material loss or damage to the parties in interest and requested "that a Commissioner be appointed under the Rules of this court to investigate same and divide same." Thereafter, counsel for the respective parties stipulated that testimony be taken by deposition, "said depositions to be submitted to the court as evidence for its consideration as to whether or not the property . . . is subject to partition in kind."

Testifying before a Standing Court Examiner in support of the bill were the appellee, Dr. Boyd, and an expert real estate broker and appraiser, J. Spence Howard, Jr., of St. Mary's City. Appellant offered her own testimony; that of her son who had operated the farm for some 22 years, and of

a neighboring farmer who had once owned the property in question but had not seen it for a number of years.

Some three weeks after the taking of the depositions, in Chambers, in the presence of counsel, the Chancellor delivered an oral opinion in which he recited that the parties "have submitted an issue to me to decide on the basis of depositions taken . . ." and stated the following conclusion:

> "After reading these depositions the Court is of the opinion that the property can not be divided into two equal shares without loss or injury to the parties."

In support of that determination the court reviewed the testimony of the witnesses, including "the only expert testimony in the case" and characterized as "rather convincing" the reasons of Mr. Howard (the real estate appraiser) for his opinion that this small farm could not be partitioned in kind without loss or injury to the parties interested.

From the evidence before him the court found the property to be described as follows:

> "The property is described as a farm property with a Civil War dwelling and several tobacco barns. There are approximately seventy acres of cleared land, farm land. The rest is in woodland, some scrub timber and some with perhaps some marketable timber. It fronts on two roads, two improved roads, hard surface roads. One road is the Baptist Church Road, the road on which the cropland is situated and all of the cropland approximately is contiguous. That road has a frontage of some four thousand feet running along the eastern boundary of the property constitutes the eastern boundary of the property.
>
> "The other road on the back or west boundary of the property has a frontage of some two thousand feet."

As to the evidence of the property's best use, the court stated:

> "Mr. Howard states that the highest and best use of this property is as a farm property and that to divide the seventy acres of crop land would be detrimental to the property as a whole.
>
> "In other words to divide it into two small farms would make property, the two halfs, worth less than the whole property as a farm."

Referring to the testimony of the appellant and her witnesses, the trial court observed:

> "The defendant and her two witnesses, her son and Mr. Hill, who owns the adjoining farm and is a farmer, none of whom are experts in the field, merely give their unsupported opinion that the property is susceptible of division in kind into two equal portions, but none of them suggest how that division could be made.
>
> "The defendant indicates that she would desire a part of the crop land as well as her share of woodland, although she is willing for the plaintiff to have the dwelling. But to attempt to make this type of division the Court feels would cut the property up into two halfs [sic] which would not be worth as much, assessing value of the two halfs, as much as the property is now worth in its entirety, a going farm operation."

Pronouncing his decision, the Chancellor stated:

> "Therefore, it is the decision of this Court that the commissioners — that there is no necessity for the appointment of commissioners in this case because *there is no evidence to convince the Court that there is a reasonable probability that the property could be divided into two equal shares and that therefore the plaintiff has met the burden of proving that property is not susceptible to partition*

*in kind and that the Court will sign a decree for the sale of the property*." (Emphasis added.)

Appellant contends that there was a "possibility that the tract could have been partitioned in kind without loss or injury [and] the Chancellor should have appointed Commissioners to ascertain whether the land was susceptible of partition." This view of the substantive and procedural law relating to partition in Maryland is erroneous.

## II

Partition has been defined as "[the] dividing of lands held by joint tenants, coparceners, or tenants in common, into distinct portions, so that they may hold them in severalty." *Black's Law Dictionary*. At common law, the only mode of partition of land was partition in kind. The rigors of this rule have been relieved by statute, Real Property Article, § 14-107 and by subtitle BJ of the Maryland Rules of Procedure.[1] Subsection (a) of the statute, quoted below, invests the Circuit Courts with jurisdiction in partition and provides for a sale in lieu of partition:

"(a) *Decree of partition.* — A circuit court may decree a partition of any property, either legal or equitable, on the bill or petition of any joint tenant, tenant in common, parcener, or concurrent owner, whether claiming by descent or purchase. *If it appears that the property cannot be divided without loss or injury to the parties interested, the court may decree its sale and divide the money resulting from the sale among the parties according to their respective rights.* The right to a partition or sale includes the right to a partition or sale of any separate lot or tract of property, and the bill or petition need not pray for a partition of all the lots or tracts." (Emphasis added.)

1. The Maryland partition statute first appeared as Acts of 1785 Ch. 72, § 12 and later, Acts of 1831, Ch. 311, §§ 1 & 9. Thereafter, upon enactment of the 1860 Code, it became Art. 16, § 99 which evolved into Art. 21, § 14-107. Under the recodification of the Code this statute has become Real Property Article § 14-107 (1974).

Implementing the statute is subtitle BJ of the Maryland Rules of Procedure, adopted in September 1961, effective January 1, 1962. With respect to the commencement of partition proceedings, Rule BJ70 provides:

> "An action for the partition of real or personal property or for the sale of same in lieu of partition shall be commenced by the filing of a bill in equity. If a sale in lieu of partition is desired, the bill shall so state."

Rule BJ71 pertains to a sale of the property:

> "*If the court shall determine* that a sale rather than partition is proper, such sale shall be conducted in the manner provided by Subtitle BR (Sales — Judicial)." (Emphasis added.)

And Rule BJ72 entitled "Commissioners" is, in pertinent part, as follows:

> "*If the court shall determine* that partition is proper it shall so order, and unless all parties expressly waive the appointment of commissioners, shall commission not more than 5 nor less than 3 disinterested persons to value and divide the property in question. . . ." (Emphasis added.)

It will thus be seen from the language of the Rules quoted above that the determination of *whether* property shall be partitioned in kind or be sold in lieu of partition, is for the court to determine; and the appointment of Commissioners (unless waived by the parties) becomes a factor *only* after the court itself has concluded that partition in kind is proper.

As we read and interpret appellant's contention in brief and in oral argument, one of the fundamental issues raised by her pertains to the quantum of proof required for a determination as to whether property can be divided in kind or "cannot be divided without loss or injury to the parties interested." § 14-107, *supra.* In this respect appellant places great reliance upon the following language of Judge Horney

in *Baltimore Gas and Electric Company v. Bowers*, 221 Md. 337, 348, 157 A. 2d 610 (1960): [2]

> "*[S]ince there was a possibility that the tract could be partitioned in kind without loss or injury,* the chancellor should have appointed commissioners to ascertain whether the land was susceptible of partition. . . ." (Emphasis added.)

Appellant's reliance upon the above dictum is misplaced. The *Bowers* case preceded by almost two years the adoption of Subtitle BJ of the Maryland Rules of Procedure, *supra,* and the above language is not consonant with earlier decisions of the Court of Appeals that the test of whether property should be sold in lieu of partition is not whether it is susceptible of partition in kind. *Thruston v. Minke*, 32 Md. 571 (1870). In *Thruston* the principles applicable in a determination of partition in kind *vis a vis* a sale in lieu of partition were clearly enunciated by Judge Alvey (later Chief Judge) in the following language:

> "*It does not follow, as the appellant seems to suppose, that because the property is susceptible of partition, it should not be decreed to be sold.* As was said by this court, in *Campbell v. Lowe,* 9 Md. 500, every tenant in common is entitled to the separate enjoyment of his interest in the common property, either by partition or by sale and division of the proceeds, under our statutes. If it be alleged and proved that the estate *cannot be divided without loss or injury to the parties interested* [emphasis in original], the court is clothed with

---

**2.** There was a series of three appeals arising out of the grant of an easement to the Baltimore Gas and Electric Company for the erection, operation and maintenance of a power transmission line across a tract of land in Baltimore County. The first appeal, Burnham v. Baltimore Gas and Electric Company, 217 Md. 507, 144 A. 2d 80 (1958) was an ejectment proceeding. On the second appeal, cited above, a partition proceeding, the Court of Appeals held that the company had a right to require the owner to seek partition in kind and remanded the case for further proceedings. Upon remand, the commissioners unanimously reported to the court that the tract could not be divided in kind "without loss or injury to some parties in interest." The Chancellor therefore decreed the sale of the land and on the third appeal, the Court of Appeals affirmed. Bowers v. Baltimore Gas and Electric Company, 228 Md. 624, 180 A. 2d 878 (1961).

power, by the statute, (1 Code, Art. 16, sec. 99,) to decree a sale, and a division of the money arising therefrom among the parties, according to their respective rights. This statute provision is a modification of the previous law on the subject, and was intended to promote the interest of the parties concerned. It is, however, to be construed with reference to the pre-existing law, and if it is not made to appear that the estate cannot be divided without loss or injury to the parties interested, it must be partitioned in the ordinary way. Partition is matter of right, and the only modification of it with us is, that the estate may be sold instead of being partitioned in kind, if it be shown that the latter course cannot be pursued without loss or injury to the parties interested. . . . *And though the estate may be susceptible of partition, yet, if loss or injury would occur to any of the parties thereby, and which could be avoided by sale, the latter is the proper mode by which to effect a separate enjoyment of the several interests in the estate. Here it is clear, partition without loss or injury, is impracticable if the property is to be preserved in its present condition, and for the purposes for which it was originally intended; and the only mode by which the interest of the parties can be rendered separate, and at the same time fully guarded and protected, is by sale.* The court below was, therefore, right in decreeing a sale of the property." (Emphasis added.)

In another early case, *Johnson v. Hoover*, 75 Md. 486, 23 A. 903 (1892) the court assayed the effect of the statute providing for sale in lieu of partition as follows:

"The right of partition in kind was an undeniable right if feasible. It existed irrespective of the statute under consideration; *Campbell v. Lowe*, 9 Md. 500; *but where that was found to be impossible the right to a sale under the statute as the only*

*means of effecting partition, became equally undeniable.*" (Emphasis added.)

*See also, Rowe v. Gillelan,* 112 Md. 108, 76 A. 500 (1910); *Brendel v. Klopp,* 69 Md. 1, 13 A. 589 (1888) and *Earle v. Turton,* 26 Md. 23 (1866).

It seems clear that the ultimate issue is whether or not loss or injury will occur to the parties interested if the property is divided in kind. The burden of proof on the question of loss or injury is, of course, upon the complainant seeking a sale in lieu of partition. In determining whether the burden has been met, we think the language of Mr. Justice Story cited by the Court of Appeals in *Dugan v. Mayor and City Council of Baltimore,* 70 Md. 1, 8, 16 A. 501 (1889) is instructive:

> " 'In matters of partition,' says Judge Story, 'a court founds itself upon its general jurisdiction as a court of equity, and administers its relief, *ex aequo et bono* according to its own notions of general justice and equity between the parties.' 1 Story's Eq. sec. 656 b."

In this light and in view of the authorities above cited, the criterion is not whether there was a "possibility" that the tract could be partitioned in kind without loss or injury, but whether upon the basis of a preponderance of the evidence it appears that the property could not be divided without loss or injury to the parties interested. *Bowers* should not be read as requiring any different standard of proof. Appellant overlooks the finding of the Court of Appeals in that case that the "evidence as to partitionability [although] meager, was to the effect that the tract might be feasibly divided in kind" and that on the other hand there were only "unsupported assertions" that it was not divisible. In the light of these findings the case is clearly not a holding that a mere possibility that a tract of land could be partitioned in kind without loss or injury is a sufficient basis for a court of equity to resolve the issue against a sale in lieu of partition.

Furthermore, to hold as appellant urges upon us that Commissioners should have been appointed to "ascertain

whether the land was susceptible of partition" would be totally at variance with the Maryland Rules previously quoted which precisely define the roles of court and commissioner and would improperly invest commissioners with judicial powers.[3] As the Texas Court of Civil Appeals stated in *Hensel v. Sturn*, 25 S. W. 817 (1894), "The law never intended to confer judicial powers upon the commissioners as would be done by letting their mere opinion decide whether property should be divided or sold." Under Rule BJ72, the sole responsibility of the Commissioners is to "value and divide" the property in question.

Applying the above principles to the instant appeal our conclusions are: (1) That the Chancellor carefully considered all of the evidence bearing upon appellee's petition for sale of the property, pursuant to a stipulation of counsel that this evidence be considered by the court in making its determination; (2) that the Chancellor correctly ruled "there was no evidence upon which it could be determined that the farm could be divided without loss or injury to the interested parties;" and (3) because the determination of the propriety of partition is exclusively in the province of the Chancellor, we could reverse his determination, as prayed by appellant, only if it were clearly erroneous. Maryland Rule 1086. In evaluating the result below, where, as here, the dispute concerns the sufficiency of the evidence, we must consider the evidence presented in a light most favorable to the prevailing party. *Moon v. Weeks*, 25 Md. App. 322, 333 A. 2d 635 (1975). Here the Chancellor was presented with substantial evidence that partition would work to the detriment of both parties. He did not clearly err in ordering that the land be sold rather than subjected to partition.

With respect to the motion included in appellee's brief to dismiss the appeal pursuant to Maryland Rules 1036 and 1028 b (1) (a) and (b), we find that except for the opinion of the Chancellor which was apparently inadvertently omitted, appellant's record extract was adequate; furthermore,

3. It is well settled that the rules, since they have the force of law, are to be construed in the same manner as statutes. Johnson v. State, 274 Md. 29, 333 A. 2d 37 (1975); Baltimore Transit Co. v. Mezzanotti, 227 Md. 8, 174 A. 2d 768 (1961).

appellee included in the appendix to his brief the opinion of the Chancellor, thus curing that deficiency. The motion to dismiss is accordingly denied.

*Motion to dismiss appeal denied; decree affirmed; costs to be paid by appellant.*