# WILLIAM S. BALDERSTON *v.* YVONNE A. BALDERSTON ET AL.

[No. 1375, September Term, 1977.]

*Decided July 19, 1978.*

The cause was argued before THOMPSON, DAVIDSON and MELVIN, JJ.

William S. Balderston in proper person.

*D. Warren Donohue,* with whom were *Trimm, Donohue, McDanald, Willis & McGuckian* on the brief, for appellees.

DAVIDSON, J., delivered the opinion of the Court.

In 1969, the appellant, William S. Balderston (husband), and the appellee, Yvonne A. Balderston (wife), then married, purchased a home at 11 Hilltop Road. On 6 December 1973, the husband and wife signed an agreement which provided in pertinent part:

> "That he agrees to give possession of the home of the parties presently held as tenants by the entirety,

and known as 11 Hilltop Road, Silver Spring, Maryland, to the wife, with right of privacy and control of the premises, until the youngest child reaches the age of eighteen (18) years or in the event of a divorce between the parties, until the wife shall remarry, whichever event first occurs. Upon the happening of either event or at any time prior to the happening of either event, upon the request of the wife, the husband agrees to join with the wife in listing the property for sale at the best price obtainable, to execute, acknowledge and deliver all papers required in the sale of same, and, after reimbursement to the wife, the cost of any capital improvements made to the property by the wife after the date of this Agreement, to divide the net proceeds realized from the sale equally between the parties."

. . .

"That the wife promises and agrees to join with the husband in listing for sale at the best price obtainable, at such time as the youngest child of the parties reaches the age of eighteen (18) years or in the event of a divorce between the parties, at such time as she should remarry, whichever event first occurs, to execute, acknowledge and deliver all papers required in the sale of same, and, after reimbursement to her of the cost of any capital improvements she made to the property after the date of this Agreement, to divide the net proceeds realized from the sale equally between the parties."

On 19 May 1975, the Balderstons were divorced. The wife continues to live in the home. It is undisputed that the wife has not remarried and that the youngest child has not yet become 18 years of age.

On 22 February 1977, in the Circuit Court for Montgomery County, the husband filed a bill of complaint against the wife and the Permanent Mortgage Company requesting, among other things, that the Court order the sale of the home, now

held by the husband and wife as tenants in common. The wife, relying upon the above quoted sections of the agreement, filed a motion for summary judgment. On 30 November 1977, Judge Ralph G. Shure granted the wife's motion and dismissed the husband's bill of complaint. On 16 December 1977, the husband filed a motion for rehearing, which Judge Shure refused to grant. The husband appealed.

In Maryland, a tenant in common has a common law right to compel partition in kind.[1] In addition, under statute[2] and rules,[3] a tenant in common has a right not only to compel partition in kind, but also, under some circumstances, to compel a sale in lieu of partition.[4] Maryland Real Property Code, § 14-107 (a) provides in pertinent part:

> "(a) *Decree of partition.* — A circuit court may decree a partition of any property, either legal or equitable, on the bill or petition of any . . . tenant in common. . . . If it appears that the property cannot be divided without loss or injury to the parties interested, the court may decree its sale and divide the money resulting from the sale among the parties according to their respective rights."

Neither the Court of Appeals nor this Court has considered the question of whether a party to an agreement in which he relinquished his right to compel a sale of property may thereafter compel such a sale. Courts in other jurisdictions, variously relying on principles of estoppel and waiver[5] or specific performance,[6] have held that a person can, by contract, relinquish for a time his right to compel a partition

1. Baltimore Gas & Electric Co. v. Bowers, 221 Md. 337, 343, 157 A. 2d 610, 613 (1960); Hardy v. Leager, 212 Md. 565, 569, 130 A. 2d 737, 740 (1957).
2. Md. Real Prop. Code Ann. § 14-107 (1974).
3. Md. Rules, ch. 1100, Subtitle BJ.
4. Baltimore Gas & Electric Co. v. Bowers, 221 Md. at 343, 157 A. 2d at 613; Boyd v. Boyd, 32 Md. App. 411, 415-16, 361 A. 2d 146, 149 (1976).
5. *See, e.g.,* Nazzisi v. Nazzisi, 21 Cal. Rptr. 396, 397-98 (Dist. Ct. App. 1962); Condrey v. Condrey, 92 So. 2d 423, 426 (Fla. 1957); Ortmann v. Kraemer, 378 P. 2d 26, 30 (Kan. 1963); Terrible v. Terrible, 534 P. 2d 919, 921 (Nev. 1975); Hepler v. Burnham, 210 S.E.2d 509, 512-13 (N.C. Ct. App. 1975).
6. *See, e.g.,* Mack v. Mack, 286 S.W.2d 385, 388-89 (St.Louis Mo. Ct. App. 1956); Orologio v. Orologio, 372 N.Y.S.2d 15, 16 (Sup. Ct., Saratoga County 1975).

or sale.[7] The underlying rationale for such holdings, based upon equitable principles applicable in partition matters,[8] is that it would be unfair to permit a party who has expressly or impliedly agreed not to seek partition thereafter to compel partition.

Here, the husband, relying upon *Gunter v. Gunter,*[9] contends that the trial court erred in dismissing his bill of complaint because Maryland law does not allow a contract or divorce decree to act as a bar to partition or sale in lieu of partition. We do not agree.

In *Gunter,* a divorce decree rather than an agreement between the parties required the husband to pay the wife a weekly sum as alimony and, in addition, to pay all taxes and ground rent on the home the husband and wife had occupied before the divorce. After the divorce, the husband filed a bill of complaint requesting a sale in lieu of partition of the home which the wife had continued to occupy. The chancellor dismissed the bill of complaint because, among other reasons, he thought that the divorce decree "certainly implies that the [wife] shall have the right to live in the house." [10] The Court of Appeals reversed, stating: [11]

"In the case at bar we do not find from the terms of the divorce decree that the court intended to adjudicate the property rights of the parties, or to do more than accept the then occupancy of the property by the wife, free of rent, as one of the elements to consider in fixing the weekly payments for her support.... But even assuming that the decree may be given a limited effect in these respects, it was clearly not intended to be final, and we do not think the acceptance of the award in this form by the husband can be held to impose any

7. *See* Annot., 37 A.L.R.3d 962 (1971).
8. Dugan v. Mayor of Baltimore, 70 Md. 1, 8, 16 A. 501, 504 (1889); Boyd v. Boyd, 32 Md. App. at 419, 361 A. 2d at 151.
9. 187 Md. 228, 49 A. 2d 454 (1946).
10. *Id.* at 231, 49 A. 2d at 456.
11. *Id.* at 232-33, 49 A. 2d at 457.

barrier to a subsequent proceeding by him for partition."

Here, unlike *Gunter*, there was an express agreement between the parties in which the husband relinquished his right to compel a sale of the property until their youngest child reached 18 or the wife remarried. *Gunter* is inapposite.

Maryland Ann. Code, art. 16, § 28 [12] provides in pertinent part:

"Any deed or agreement made between husband and wife respecting alimony, support, maintenance, property rights, or personal rights, or any settlement made in lieu of alimony, support, maintenance, property rights or personal rights shall be valid, binding and enforceable to every intent and purpose. . . ."

In addition, the statutory right of a tenant in common to compel a sale in lieu of partition is qualified by Maryland Real Property Code, § 1-104,[13] which provides in pertinent part:

"Any person may vary, by agreement, the effect of any provision in this article. . . ."

Here the agreement made between the parties respecting partition and sale is valid and enforceable.[14] Accordingly, the husband may not obtain a court-ordered sale of the property.

We have carefully considered the husband's remaining contentions and we find them to be without merit. We shall affirm.

*Judgment affirmed.*
*Costs to be paid by appellant.*

---

12. Md. Ann. Code, art. 16, § 28 (1977 Cum. Supp.).

13. Md. Real Prop. Code Ann., § 1-104 (1974).

14. *See also* 1978 Laws of Maryland ch. 794, applicable to cases filed after 1 January 1979, which may empower a chancellor to prevent partition of a family home for a maximum period of three years from the date of a divorce by awarding sole possession and use to the spouse awarded custody of the children.