ELEANOR OWINGS, by her next Friend, *vs.* ZACH-ARIAH H. WORTHINGTON, EXC'R of WILLIAM WORTHINGTON.

A decree directing the defendant to bring a certain sum of money into court, was upon appeal affirmed. The complainant then filed a petition in the court below for a *fieri facias*, which was refused, and the case sent to the auditor for an account. An appeal was then taken, and the record only contained the petition, answer and order appealed from. HELD:

1st. That until there was a decree directing *the payment* of a sum of money to the complainant, he was not entitled to a *fi. fa.*, and as there was no such decree in the case, that part of the order refusing the *fi. fa.* must be affirmed.

2nd. The appeal from that part of the order directing an account must be dismissed, as in any aspect of this record the order was interlocutory, from which an appeal will not lie.

APPEAL from the Equity Side of Montgomery county court. This appeal was taken from an order of the court below, refusing to order the issue of a *fieri facias*, as prayed by the petition of the appellant, and referring the case to the auditor to state an account. The facts of the case are stated in the opinion of this court.

The cause was argued before LE GRAND, C. J., ECCLESTON, MASON and TUCK, J.

*Alexander Kilgour* for the appellant, insisted, that the order should be reversed, because:—1st, the decree of the

county court of July 1848, affirmed by the Court of Appeals, was conclusive upon the rights of the parties. 2 *H. & G.*, 191, *Strike vs. McDonald.* 2nd, the orphans court had no right to interfere after the rights of the parties had been adjudicated by the county court as a court of equity. 3rd, the defendant should have insisted upon the pretended payments in his answer to the original bill. 4th, he admitted in his answer that the money for which the decree passed was due to the complainant. 5th, the court had no power to review its own decree, especially after it had been appealed from and affirmed, as stated above.

No counsel appeared for the appellee.

Le Grand, C. J., delivered the opinion of this court.

The record in this case shows that a decree had been passed by Montgomery county court, sitting in equity, directing the appellee to bring into court, before a day mentioned, a certain sum of money, and that this decree, on appeal, was affirmed.

It also appears that the appellant asked Montgomery county court, as a court of equity, to direct the issue of a *fieri facias*, which was refused, and the papers were referred to the auditor to state an account. There was no decree in the case awarding any sum of money to the appellant; it merely directed that a certain sum should be brought into court. Until there was a decree directing *the payment* of a sum of money to the appellant, he was not entitled to a *fieri facias*.

As to the order referring the case to the auditor to state an account, the appeal must be dismissed. The record does not show the proceedings under which the original decree was passed. In any aspect of the record before us the order appealed from was interlocutory, from which an appeal will not lie. See *Clagett vs. Crawford*, 12 G. & J., 275. We do not intimate that such an account could be taken after the decree had been passed. The order of reference left the question open for decision on final consideration of the accounts.

We affirm the order refusing the writ of *fieri facias*, and dismiss the appeal from the one directing an account.

*Cause remanded.*