MARY E. BURROUGHS, Trustee, and others *vs.* GEORGE H. BUNNELL, *et al.* LOUIS F. DETRICK *vs.* MARY E. BURROUGHS, Trustee, *e tal.* GEORGE H. BUN-NELL *vs.* MARY E. BURROUGHS, Trustee, *et al.*

*Exceptions to Auditor's report—Allowance of Claims—Trustees—Receivers—Vouchers—Surviving Receiver—Commissions—Indefinite Exception—Practice in Court of Appeals.*

A trustee under a will, holding and managing an estate (a farm). devised to him for the benefit of his children, contracted a debt for cash and merchandise, which he in writing admitted was contracted for the benefit of the trust estate, and requested the Court to order to be paid out of the trust estate. After the death of the trustee a claim for the amount of this debt was presented for payment out of the income of the trust estate. Upon exception it was HELD:

That in the absence of any proof that any part of the claim was unfounded, it ought to be allowed, with interest from the time when the transactions between the trustee and the creditor terminated.

The will creating the trust provided that the rents, issues and profits of the estate were to be disposed of as the trustee might think proper, for the maintenance, education and advancement of his children, until the youngest child attained the age of twenty-one years, when the *corpus* of the estate was to be divided among them. During the latter part of the father's trusteeship, receivers were appointed to manage the estate and sell and dispose of the crops, and receive and apply the income, rents and profits under the direction of the Court. On exceptions to auditor's report distributing the trust fund, it was HELD :

1st. That a claim for necessaries furnished the trustee, part of the debt being contracted by the trustee and part by the receivers in order to carry out the purposes of the trust, was valid and proper to be paid out of the income.

2nd. That the receivers were entitled to be allowed for payments made by them to the trustee upon his personal receipts, or upon drafts drawn to his order, without proof that said payments were applied to the purposes of the trust.

3rd. That the signatures to the receipts and drafts being admitted to be genuine, and the merchant's accounts for necessaries having been presented to the auditor, no other evidence was required, in the absence of proof that the trustee did not apply the necessaries thus obtained to the maintenance of his family, but disposed of them for his own private benefit.

4th. That a claim for money borrowed to enable the trustee to carry out the purposes of the trust, was proper to be allowed out of the income.

5th. That the Court having assumed control of the trust, had power to order a sale of personal property which was old and perishable, and to direct what disposition should be made of the proceeds.

It is the duty of a receiver to obey the orders of the Court.

Where one of two receivers of a trust estate died, and after his death the other continued to act, and his acts were necessary to prevent the purposes of the trust being defeated, and they were subsequently ratified by the Court, the Court will not sustain an objection to the allowance of commissions to the surviving receiver, based on the ground that he was *functus officio* after the death of his co-receiver.

An exception to the allowance of a "list of claims" without specifying what claims are meant, cannot be considered on appeal.

APPEALS from the Circuit Court for Prince George's County, in Equity.

The case is stated in the opinion of the Court. The following exceptions to the auditor's report on the receivers' accounts, were filed by Mary E. Burroughs and others:

The defendants except to the auditor's report on the receivers' accounts herein filed, and for cause of exception, say as follows:

1. The auditor has allowed said receivers for payments made to John W. Burroughs, trustee, amount-

ing to about $1,067.29, upon his mere personal receipts, or upon drafts drawn to his order, (the signatures to all of which are admitted to be genuine however,) without requiring any evidence that said payments were applied for the purposes of this trust, and these exceptants require itemized and receipted bills for all such payments, and strict proof that they are proper charges against said trust estate.

2. He has allowed the sum of $200.26 as paid to the attorney of J. H. Traband, May 6, 1880, without evidence that said amount was a debt of said estate, although paid on an *ex parte* order of Court, obtained without notice to defendants or their solicitor, and although said order requires them to be satisfied of the correctness of said claim before payment thereof. Further, the cross-bill herein filed shows said claim to be fraudulent, and these exceptants claim to have said claim strictly proved.

3. He has allowed $858 as paid for interest on a pretended mortgage debt created by them in violation of their authority, and in excess of any liability justifying the same, even if they can be said to have had authority. And these exceptants say that when said receivers were appointed, the only amount for which said estate might have been properly encumbered by due process, was the sum of $2,012 required to redeem said estate from a tax sale, and that the interest on said amount at six per cent. per annum for the period covered by the above interest payments is only $663.96, and no credit should be allowed said receivers for any payments on interest beyond this amount.

4. He has allowed said receivers the sum of $154 expended by them from the proceeds of the sale of the personal property of said estate, although the trust instrument gives them no power to use anything but the income, and it was their plain duty to have brought this amount into Court to be invested.

5. He has stated and allowed an account of said receivers in respect of said pretended mortgage debt, in which he has charged said estate with $2,600 by way of encumbrance, (afterwards allowed in his statement of claims,) and has allowed them for expenditures of this amount; to all which we object, (except as to the amount of $2,012 paid W. A. Jarboe in redemption of tax sale,)—*first,* because all the other proper items in said account should have been paid from the income of said estate; second, because the amounts retained by R. W. Templeman, the lender of the money, as for premium, $78; commissions, $65, and fee to R. W. T., $5, and the amount retained by said receivers for services, $187.10, are on their face either usurious, extortionate or unconscionable.

6. He has allowed $65 as paid to R. W. Templeman July 21, 1883, for alleged services in renewing the pretended mortgage loan, although no such services were necessary, or are shown to have been rendered, and he has allowed said receivers $54 as for services and expenses in the same connection, although there is no evidence that any services were rendered, or that they were necessary. Further, said allowances are unconscionable and outrageous on their face. Orders of Court authorizing these allowances, appear to have been passed, but they were obtained *ex parte,* without notice to defendants or their solicitor, (as in fact has been every order passed in this cause since the creation of the receivership.)

7. He has stated and allowed an account of the fees and commissions of said receivers, and has passed certain payments made to themselves out of the income on this account. We object to this, for that said receivers having violated the trust reposed in them, should be deprived of fees, and having authorized expenditures beyond the income of the estate, they can

have no fees until the legitimate debts incurred by them are paid. He has also allowed fees to R. B. B. Chew on the amount collected by him as "surviving receiver;" to this we object, for that no such person can be recognized, and therefore he cannot be allowed compensation.

8. He has stated and allowed an account with R. B. B. Chew, as surviving receiver of said estate; to the whole of which we object, because it is an account with a person who had no power or authority to receive or expend money on behalf of said estate, because on the death of his co-receiver he becomes at once *functus officio;* and because having ignored his plain duty in the premises, his every act must be treated as a contempt of Court. No exception is intended to the sufficiency or correctness of the vouchers in this account, not hereinbefore specifically taken.

9. He has stated and allowed a list of claims, computing interest on most of them to September 1st, 1885. To most of these claims we object, because they are not properly proved; excepting, however, those here following, and as to these we object to the allowance as against the estate of all items of interest, because if the receivers had properly husbanded the income, all claims could have been paid on demand, and the claims for taxes could have been paid at a discount, and we demand that said receivers be held answerable to the estate for said discount.

The following are the claims admitted:

| | | |
|---|---|---|
| J. N. B. Latimer, for medical services | | $ 25 00 |
| G. H. Bunnell, for merchandise | | 529 42 |
| Jno. G. Hall, Treas., for taxes of 1884 | | 191 60 |
| Same, " " 1885 | | 197 60 |
| W. W. Duley, " merchandise | | 3 19 |
| W. Wheeler, " prof. services | | 100 00 |

Burroughs, *et al. vs.* Bunnell, *et al.*—Detrick *vs.* Burroughs, *et al.*

| | | | |
|---|---|---|---|
| J. N. W. Wilson, for | sheriff's fees | $ | 4 20 |
| R. E. Brandt, | " fees | | 8 00 |
| H. H. Sasscer, | " threshing | | 6 50 |
| Elijah Coats, | " labor, (less over-payment) | | 3 50 |
| F. Snowden Hill, | " auditor's fee | | 31 50 |
| Clerk of Court for costs | | | — — |

As to all the others we demand strict proof, itemized vouchers and the right to surcharge and falsify them. We also object generally to the allowance of any of these claims in excess of the income of the estate heretofore collected and received, for that the receivers alone had power to authorize their creation, and were bound to see that at no time they exceeded the income. If said receivers deny their authority to these claims, then we object to them as invalid. The late trustee was perpetually enjoined from meddling with the trust estate, and therefore had no power to bind it for debts he may have contracted. No one else has undertaken to do so.

The cause was argued before ALVEY, C. J., YELLOTT, MILLER, IRVING, BRYAN, and McSHERRY, J.

*F. Snowden Hill,* for Mary E. Burroughs and others.

*William Stanley,* for Detrick and Bunnell.

*R. B. B. Chew,* and *C. C. Magruder,* for the receivers.

YELLOTT, J., delivered the opinion of the Court.

There are three appeals in this record, and in order to understand the questions involved in controversy, it becomes necessary to refer to the statement of facts prefixed to the opinion of the Court in the case of

*Burroughs vs. Gaither*, reported in 66 *Md.*, 171. By the provisions of the will of Richard D. Burroughs, who died in 1870, the property of the testator was left in trust to his son, John W. Burroughs, for the benefit of the children of said John. The testator devised all the rents, issues and profits of his estate, to be disposed of as the trustee might think proper, for the maintenance, education and advancement of said children, and when the youngest child arrived at the age of twenty-one years the *corpus* of the estate is to be equally divided among them share and share alike.

On the death of the testator the trustee took possession of the estate, but some years afterwards an application was made for his removal. The Court declined to remove him, but, on the 19th of January, 1880, passed an order appointing C. C. Magruder and R. B. B. Chew receivers, and authorized and empowered them to manage the estate under the direction of the Court, to sell and dispose of the crops raised or to be raised, to receive the income, rents and profits, and to hold and apply the same under the direction and orders of the Court, and to account annually or oftener if required.

The receivers gave bond and entered upon the discharge of their duties. In November, 1884, John W. Burroughs, the trustee died, and in August, 1885, Mary E. Burroughs, his widow, and the mother of the *cestuis que trust*, was appointed by the Court in his place. Prior to this appointment, in March, 1884, the death of C. C. Magruder, one of the receivers, had occurred. By an order of Court filed on the 22nd of December, 1885, the surviving receiver was directed to suspend further proceedings, and to bring into Court all moneys under his control belonging to the trust estate, to be deposited subject to the future order of the Court, and he was discharged from any future manage-

ment or liability for such of the trust estate as had already passed into the possession of Mary E. Burroughs, the trustee.

Upon the removal of the surviving receiver an audit was required. The present controversy relates to some portions of accounts A, B, C, and D, and statements No. 1 and No. 2 filed by the auditor. Account A, is a statement of the receipts and disbursements of the two receivers. Account B states the receipts and disbursements of the surviving receiver. Account C is a statement of certain sales and disbursements made by Magruder and Chew, receivers, and sanctioned by order of the Court. Account D is a statement showing the creation of a mortgage debt upon the trust estate by the receivers, and sanctioned and approved by the orders of the Court. Statement No. 1, is a list of claims against the trust estate created by John W. Burroughs before and during the receivership, and of other claims created by the two receivers and by the surviving receiver, together with certain costs and expenses. Statement No. 2, exhibits the amount of commissions due C. C. Magruder and R. B. B. Chew, receivers.

The Court below ratified and confirmed these accounts and statements of the auditor, with the exception of that portion of statement No. 1, which is marked "Debts" created by John W. Burroughs, trustee, both before and after the receivership. The rejection of this portion of statement No. 1 excluded the claims of Detrick and Bunnell, two of the creditors, and each has entered an appeal from this part of the order of the Court. The debt due to Detrick was contracted by the trustee, John W. Burroughs, long before the appointment of the receivers, and the record shows that its correctness was admitted by the trustee. There is no proof in the record that any

part of this claim is unfounded, and it ought to be allowed, with interest from the time when the transactions between the trustee and the creditor terminated. There was error in that part of the Court's order which operated as an exclusion of this claim.

The claim of Bunnell is for necessaries furnished the trustee, John W. Burroughs. His family, the *cestuis que trust,* could not have subsisted without the supplies thus furnished. The trust, created by the will of his father, made it his duty to maintain his children from the income of the estate. The claim is for payment out of the income of the estate. Part ·of the debt was contracted by the trustee and part by the receivers, but the whole of it was contracted in order to carry out the purposes of the trust. On page 17 of the record is an admission of its correctness by the opposite party. The Court therefore in administering the trust ought not to have rejected a valid claim, when the debt was contracted for the very purpose of accomplishing the object for which the trust was created. As has been already said there was error in this portion of the Court's order. Bunnell's claim should be allowed, with interest from the time when the account was closed.

On behalf of Mary E. Burroughs and others, a number of exceptions were filed to the auditor's report on the receivers' account. The first exception relates to an allowance to the receivers for payments to the trustee, John W. Burroughs, upon his personal receipts, or upon drafts drawn to his order. The signatures to these receipts and drafts, the exceptants admit to be genuine, but contend that it was the duty of the auditor to require proof that said payments were applied to the purposes of the trust. There seems to be but little force in this objection. It being admitted that the signatures were genuine, and the auditor having the merchants' ac-

counts for necessaries before him, no other evidence was required in the absence of proof on the part of the exceptants, that the trustee did not apply the necessaries thus obtained to the maintenance of his family, but disposed of them for his own private benefit. The evidence before the auditor offered *prima facie* proof of sufficient strength to shift the *onus probandi* to the other side.

The second exception relates to the allowance of $200.26 to the attorney of J. H. Traband, it being alleged by the exceptants that there is no evidence that said amount was a debt of the estate. The exception rests on no solid foundation. The answer under oath of John W. Burroughs to the cross-bill filed in the cause, shows that this was a claim for money borrowed, to enable the trustee to carry out the purposes of the trust. The answer must be taken as true in the absence of proof to the contrary, and no proof was adduced. *Eversole vs. Maull*, 50 *Md.*, 95; *Crowe vs. Wilson*, 65 *Md.*, 479.

The exceptants certainly could not expect this Court to consume time in considering their third exception, relating to an allowance of interest on what they deem it proper to designate as a pretended mortgage. This Court decided in *Burroughs vs. Gaither*, 66 *Md.*, 171, that this was a valid mortgage, and under the Constitution of Maryland, the decision of the Court of Appeals is final and conclusive. The fourth exception cannot be sustained. The Court having assumed control of the trust, certainly had power to order a sale of personal property which was old and perishable, and to direct what disposition should be made of the proceeds. It was the duty of the receivers to obey the orders of the Court.

All the questions intended to be raised by the fifth and sixth exceptions, in relation to what is called a

pretended mortgage, have been disposed of by the decision in 66 *Md.,* 171, already referred to.

The seventh exception relates to the allowance of fees and commissions to the receivers, which is objected to on the ground that they have violated their trust, and are entitled to no compensation for their services. As there is no proof in the record of any misconduct on the part of the receivers, this exception can have no force nor effect. The eighth exception, and also part of the seventh, calls in question the allowance of fees to R. B. B. Chew; the objection being that he was *functus officio* after the death of his co-receiver. It is manifest that, as C. C. Magruder, the co-receiver, and John W. Burroughs, the trustee, both died in 1884, had not Judge Chew continued in control of the estate, the very purposes of the trust would have been defeated, as Mary E. Burroughs was not appointed trustee until August, 1885. There was a mortgage on the property and interest notes were about to fall due, and on default of payment the estate would have been sold and the trust broken up. The Court subsequently ratified the acts of the surviving receiver, and *omnis ratihabitio mandato æquiparatur.*

The ninth exception relates to the allowance of "a list of claims" without specifying what claims are meant. This exception cannot therefore be considered. As was said by the Chancellor in *Norwood vs. Norwood,* 2 *Bland,* 461, with reference to an exception presented for his determination, "it is indefinite and uncertain. It specifies nothing." And the Chancellor refused to consider it.

What has been said disposes of all the questions presented by these appeals. Such as have not been directly considered were already decided in the case of *Burroughs vs. Gaither,* to which we have already referred. No errors are found in the order appealed

Bernstein & Sons *vs.* Hobleman, Trustee.

from except that portion of said order which disallows the claims of Detrick and Bunnell.

> *Order affirmed in part and reversed in part, and cause remanded, that is to say in No. 9 order affirmed, and in Nos. 10 and 11 the order is reversed.*