JESSIE C. JOHNSON and GREENLEAF JOHNSON *vs.* DANIEL HOOVER and JOSEPH FRIEDENWALD.

*Election—Article 46 of the Code—Section 116 of Article 16 of the Code—Partition—Appeal.*

The right of election is a statutory right, belonging only to the oldest heir of an intestate's estate, as ·prescribed by the statute, and, if he refuses, to the next oldest, and so on down to the youngest being of age.. It is confined by statute to cases of inheritance.

Article 46 of the Code provides only for proceedings at law for the valuation and division of an intestate's estate, and not for such as come by will or other conveyance.

Sometimes the proceedings in chancery under section 116 of Article 16 of the Code of Public General Laws, have been made to follow the proceedings at law as far as they could be made applicable ; but the commission in chancery does not direct the valuation of the estate when a partition of land not inherited is asked for and decreed.

Where under proceedings in equity a commission to divide· real estate passing under a will, was issued in the ordinary form and did' not direct the commissioners to value the property, it was. HELD :

That the commissioners, by valuing the property, transcended their powers.

An order directing a specified fee to be allowed to the counsel for the plaintiffs "in the auditor's statement of account, subject to the usual exceptions," is not a final order, and no appeal will lie therefrom..

A bill in equity for the partition of real estate, proceeded upon the theory that the property was divisible, and therefore a partition was asked and not a sale. The application was for a partition. "or such other and further relief as the case may require." The commissioners appointed to make the partition, reported that upon actual trial it was found impossible to divide

the property without loss or injury to the parties. A decree was thereupon passed for its sale. On appeal from this decree it was HELD :

1st. That the proof of the indivisibility of the property furnished by the report of the commissioners, was sufficient under the alternative prayer of the bill, to support the decree for a sale.

2nd. That there was nothing in the language of section 116 of Article 16 of the Code, requiring the Court under the circumstances of this case, simply to dismiss the bill, or order the same to be amended by alleging the non-partibility of the property in order to acquire jurisdiction.

APPEAL from the Circuit Court of Baltimore City.

The case is stated in the opinion of the Court.

The cause was argued before ALVEY, C. J., MILLER, ROBINSON, IRVING, BRYAN, FOWLER, MCSHERRY, and BRISCOE, J.

*Benjamin F. Horwitz,* for the appellants.

*Bernard Weisenfeld,* for the appellee, Friedenwald.

*Archibald H. Taylor,* (with whom was *George Savage,* on the brief,) for the appellee, Hoover.

IRVING, J., delivered the opinion of the Court.

This case was in this Court before (72 *Md.,* 9,) and, after remand upon the decree reversing the decision of the Court below, the case proceeded to decree for partition. After the remand, and before decree, the Murguiondo heirs sold out their interest, and the appellant, Jessie Johnson, wife of Greenleaf Johnson, and Joseph Friedenwald respectively became purchasers, and, upon application to the Court, were made parties defendant. The bill charged that the Druid Hill property was sus-

ceptible of easy partition. All the defendants agreed in their answers that the allegations of the bill were true; and decree for partition was passed appointing commissioners to make the division. This decree was satisfactory to all parties, who respectively assented thereto in writing. The commission issued to five persons agreed upon by the parties, including Simon J. Martinet, an experienced city surveyor. The commissioners took the usual oath, and proceeded to the discharge of their duty. Subsequently they returned to the Court a report that "they did walk over the land, and after consultation and deliberation their judgment is that said land cannot be divided without loss or injury to all the parties, and the reason on which the same is founded is, that its topography makes it impossible. It has little knolls all over it. It is very high and abrupt on the west side and some fifty feet lower on the east side, which makes it a very irregular lot, and impossible to divide without loss or injury to the parties. Cutting the lot up would in our judgment ruin it. The real value of said land in current money is fifteen thousand dollars." No objections were made to the ratification of this report and the same was finally confirmed. A few days after the confirmation of this report, Jessie C. Johnson, wife of Greenleaf Johnson, the purchaser of the undivided interest of Prudencio H. de Murguiondo, the oldest child of Julia A. de Murguiondo, filed a paper electing in writing to take the property at the valuation of the commissioners, and to pay the other heirs their proportionate shares of the valuation. This application to elect was resisted by the plaintiff, Daniel Hoover, and Joseph Friedenwald, a defendant, on the ground that the right of election did not exist. The Court sustained the objection, dismissed the petition to elect, and decreed a sale of the property. From this decree Jessie Johnson and her husband appealed. The first question for determination is, was the Court right

in overruling the application to elect? Of this there
can be no doubt. The right of election is a *statutory*
right, belonging only to the eldest heir of an intestate's
estate, as prescribed by the statute, and if he refused,
to the next eldest, and so on down to the youngest being
of age. It is confined by statute to cases of inheritance.
Article 46 of the Code provides only for proceedings at
law for the valuation and division of an *intestate's* estate.
The proceeding in this case is in equity, under section 116
of Article 16 of the Code of Public General Laws. The
estate, which is the subject of the bill, and is sought to
be divided, is an estate derived under the will of Mrs.
Juliet Moale, who gave her daughter a life estate therein,
and her grandchildren the remainder in fee. The appel-
lant's solicitor has contended in argument that this pro-
ceeding was taken under Article 46 of the Code, and that
therefore, the right of election should be accorded to the
oldest heir, or his or her grantee. In this view he is
mistaken, for the reason we have already assigned—that
Article 46 provides only for the division of intestates'
estates and not for such as come by will or other convey-
ance. Sometimes the proceedings in chancery have been
made to follow the proceedings at law as far as they
could be made applicable. But the commission in
chancery does not direct the valuation of the estate when
a partition of land not inherited is asked for and is de-
creed. In this case partition was decreed, and the com-
mission issued to five discreet persons to make it. That
commission was in the ordinary chancery form to secure
partition. It did not direct the commissioners to value
the property, and in doing so the commissioners tran-
scended their powers. The fact that the commission did
not so command, shows that it was not intended to be a
proceeding under Article 46 of the Code. This is all
that is necessary for us to say in vindication of the
Court's decision that the appellant has no right of elec-
tion.

Johnson *vs.* Hoover and Friedenwald.

The counsel for the plaintiffs having filed a petition asking for an allowance of a fee of two hundred and fifty dollars for services in this case from its beginning, and the Court having passed the following order thereon, viz., "On consideration of the foregoing petition it is this twenty-fifth day of July, ——, by the Circuit Court of Baltimore City, ordered that a fee of two hundred and fifty dollars is hereby directed to be allowed to the above named petitioners in the auditor's statement of account, subject to the usual exceptions," the appellants contend that this order was in error, and this forms the second ground upon which they ask reversal. This is not a final order, and is, therefore, not appealable. It simply directs the auditor to make the allowance subject to exception. That is the place where the allowance, if it is to be made, should appear; and exceptions to the auditor's report would bring up the question of the propriety of such allowance. The Court in passing the order it did was only providing for proper contestation of the application, and evidently intended to leave that question open for future argument and consideration. Appeal from that order therefore is premature and can not now be entertained.

These are the only grounds of complaint against the decree stated in appellants' brief, and seem to be the only ground relied on in the Court below. Yet at the hearing here it was contended that the decree was in error in decreeing a sale without other allegations in the bill than those which appear. In other words the contention was that to justify such decree the bill should have alleged that it was indivisible, and for the interest and advantage of the parties for the property to be sold, or at any rate, that it should have been alleged in the alternative.

It must be remembered, however, that this bill proceeded upon the theory that the property was divisi-

ble, and therefore partition was asked, and not a sale. All parties were of the same opinion, and the defendants in their answer admitted the allegations of the bill that it was capable of partition. Nobody seemed to doubt its divisibility between the parties until the return of the commissioners appointed to make the division, determining that it was impossible to divide it without loss and injury to all parties. This report was acceptable to all parties, or, at least, was acquiesced in by them all; for nobody objected to the confirmation of the report. The appellants evinced their satisfaction with it, and the order confirming it, by asking to elect after its ratification; and the refusal to allow such election so far as the record shows was the sole ground of appeal. The allegation which appellants' solicitors insist as necessary to justify a sale could not have been inserted in this bill because it would have been an inconsistent allegation, contradictory of the averment which was made, and opposed to the thing sought and asked for. If the bill had been for a sale instead of an actual partition, the facts necessary to justify a decree for sale would be required to be stated in order to give jurisdiction. *Wilson and Hunting vs. Green,* 63 *Md.,* 547; *Belt vs. Bowie, et al.,* 65 *Md.,* 350; *Fox vs. Reynolds, et al.,* 50 *Md.,* 564.

But this case proceeded on a different theory. Having averred the partibility of the property the Court issued the commission, as is usual, to divide it; and when the commissioners reported that it was impossible to divide it after actual trial; and all parties had assented to that report by allowing its ratification, the Court had actual proof that it was impossible to execute the decree for division. The Act of Assembly —that is to say, section 116 of Article 16,—provides, if it appear that the lands or estate cannot be divided without loss or injury to the parties interested, the Court may decree a sale thereof, and decree a division of the

money arising from such sale between the parties according to their respective rights. The power of the Court to order such sale when it did so affirmatively appear, is undeniable; and why the Court after actual trial to make the partition, and finding it impossible to accomplish, should simply dismiss the bill, or order the same to be amended, in order to acquire jurisdiction, does not appear in the face of the language in the statute. The reason for requiring the allegations spoken of in the authorities already cited and insisted upon by the appellants, when *sale was asked,* instead of partition in kind, is very apparent; and in all cases where such ruling was made, the application was for a sale. Here the application being for a partition or "such other and further relief as the case may require" it would seem that under the last alternative request the Court could do nothing else than order a sale upon the proof it had as required by the statute. The right of partition in kind was an undeniable right if feasible. It existed irrespective of the statute under consideration; *Campbell vs. Lowe,* 9 *Md.,* 500; but where that was found to be impossible the right to a sale under the statute as the only means of effecting partition, became equally undeniable. The Court had jurisdiction of the parties and the subject-matter. The true test of that is whether a demurrer will lie to the bill. *Tomlinson, et al. vs. McKaig, et al.,* 5 *Gill,* 276; *Bolgiano vs. Cooke, et al.,* 19 *Md.,* 394. This being so, it must follow that as a demurrer to the bill had been overruled by the decision on the former appeal, the jurisdiction of the Court to do what was done cannot now be questioned. That the report of the commissioners was competent evidence to satisfy the Court of the necessity for sale to be made to effect partition is established by the case of *Bolgiano vs. Cooke,* already cited. The decree must be affirmed.

*Decree affirmed.*

(Decided 15th March, 1892.)