## HOHENSEE, ET AL. *v.* MINEAR

[No. 153, September Term, 1968.]

*Decided April 1, 1969.*

The cause was argued before HAMMOND, C. J., and BARNES, McWILLIAMS, FINAN and SMITH, JJ.

Ervin Hohensee and Richard Hohensee in proper person.

*Jo V. Morgan, Jr.,* for appellee.

Per Curiam.

After a sale under a deed of trust in default had been finally ratified, the trustee moved, as the deed of trust authorized, for the allowance of a counsel fee against the estate in his hands in the amount of $15,000. In support of the fee was a certificate of the lawyer showing services rendered during some 300 hours in connection with his services in the circuit court and in this Court and the Supreme Court of the United States. After a hearing at which appellants, the former owner of the property and his son who had defaulted as purchaser on the first sale, had so vigorously challenged the fairness and permissibility of the fee asked that they did not reach its reasonableness, Judge Meloy, who had handled the case from its inception, stated that the court was "fully cognizant of the amount of work done by the attorney" and allowed a fee of $7,500 "subject, of course, to any exceptions that might be noted with respect to the auditor's report." A formal order of May 16, 1968, to that effect followed and appellants appealed on June 13, 1968. Because of the pendency of this appeal, the auditor has not filed his report.

The trustee sought dismissal of the appeal before briefs were filed but his motion was denied. On the ground that the appeal was not from a final order or decree, he renewed the motion in his brief, as Maryland Rule 836 d permits. See *Dubin v. Mobile Land Corp.*, 250 Md. 349, and *Agnoli v. Powers*, 235 Md. 289.

The motion must be granted. Code (1968 Repl. Vol.), Art. 5, § 6, limits appeals in equity to those from "any final decree or order in the nature of a final decree." Section 7 of Art. 5 permits appeals from certain specified interlocutory orders of courts of equity but an order directing an attorney's fee to be included in an auditor's account subject to the usual exceptions is not one of the interlocutory orders set out in § 7. In *Johnson v. Hoover*, 75 Md. 486, 490, where the factual situation was that of this case, the Court held:

> "This is not a final order, and is, therefore, not appealable. It simply directs the auditor to make the allowance subject to exception. That is the place where the allowance, if it is to be made, should appear; and

exceptions to the auditor's report would bring up the question of the propriety of such allowance. The Court in passing the order it did was only providing for proper contestation of the application, and evidently intended to leave that question open for future argument and consideration. Appeal from that order therefore is premature and cannot now be entertained."

A similar flat holding was made in *Clarke v. O'Brien,* 97 Md. 738.

> *Appeal dismissed and case remanded for the stating of an auditor's account, costs to be paid by appellants.*