BUTKUS ET VIR *v.* McCLENDON

[No. 159, September Term, 1969.]

*Decided October 13, 1970.*

*Motion for rehearing filed October 16, 1970; denied and opinion modified October 19, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Robert E. Farnell, III,* for appellants.

*D. William Simpson,* with whom were *Webb, Burnett & Simpson* on the brief, for appellee.

DIGGES, J., delivered the opinion of the Court.

This long, protracted case began on July 29, 1961. On that day the appellant Julia Butkus was driving her husband's automobile across the Sinepuxent Bay Bridge leading into Ocean City, Maryland, when she became involved in a collision with a vehicle operated by the defendant-appellee John Monroe McClendon. She sued for personal injuries and medical expenses and her husband for damages to his automobile and loss of services. The Circuit Court for Dorchester County (Mace, J.) in a nonjury trial entered judgment for the defendant.

172

The subject of this appeal is the alleged abuse of the trial court's discretion in its denial of appellants' two motions for continuance. The first motion was seven days before trial and sought to gain time for the deposition of an absent witness. This failing, the second motion was made during the trial in an attempt to have the court withhold its decision for thirty days so that the deposition could be obtained and considered before final judgment was entered.

This suit was initially instituted in the Circuit Court for Worcester County on July 27, 1964, just two days before the statute of limitations would have barred recovery. Even though the defendant promptly filed his plea on September 28, 1964, the docket entries disclose that over the following five year period there was minimal activity in the case. In the interim appellants changed attorneys on several occasions and the case was called five times and continued. The trial was scheduled for September 29, 1967, but not held, and on January 29, 1968, the appellants had the case removed to the Circuit Court for Dorchester County. Upon the request of appellee's attorney trial was set for June 10, 1968, but this date was promptly abandoned at appellants' urging. Finally, with all parties receiving at least thirty days notice, February 18, 1969 was designated as the trial date. Nevertheless, on February 11 appellants' motion for another continuance was filed. This motion, which was not supported by an affidavit as required by Maryland Rule 527 c 1 and 2, unsuccessfully sought postponement of the trial to take the deposition of an absent witness. At trial Mrs. Butkus testified that Mrs. Lillian Stabler, a resident of Glen Rock, Pennsylvania, was the only independent eyewitness to the accident, but when she and her attorney interviewed Mrs. Stabler at her summer residence in Ocean City, Maryland in 1962 they found that she was a very nervous person suffering from the effects of a stroke. Moreover, during that interview Mrs. Stabler became quite upset and remarked she was not going to become involved in the case. Mrs. Butkus acknowledges that although she re-

sponded to appellee's interrogatory requesting the identity of all known witnesses she failed to list Mrs. Stabler. She explains this omission by remarking "under conditions of her health I thought she would do me more harm."

The record indicates that following this interview in 1962 no further contact was made with Mrs. Stabler until Mrs. Butkus, with notice of her 1969 trial date, again went to see her, approximately thirty days before the scheduled day in court. Even though the witness spent each summer, including the summer of 1968, in Ocean City, Maryland, no explanation was offered as to why there were no intervening contacts. When at the second interview Mrs. Stabler indicated her willingness to be deposed, Mrs. Butkus informed her lawyer and he immediately phoned a Pennsylvania attorney to arrange a deposition. These efforts proved unsuccessful as that attorney responded that the local court reporter could not take and transcribe the testimony in time for the scheduled trial. The motion for continuance followed. Upon objection Judge Mace concluded that the appellants had not acted diligently in their efforts to obtain the testimony and he denied the motion.

While everyone agrees that a litigant should have an opportunity to present his full case to the court, a long line of unbroken decisions in this state has established that a ruling on a motion for continuance rests within the sound discretion of the trial court. Unless this discretion is arbitrarily and prejudicially administered by the judge it will not be disturbed on appeal. *Fontana v. Walker*, 249 Md. 459, 240 A. 2d 268, cert. denied 393 U. S. 927 (1968) ; *King v. Rockville*, 249 Md. 243, 238 A. 2d 898 (1968) ; *Vermilya-Brown v. Dallas*, 248 Md. 7, 234 A. 2d 569 (1967) ; *Brooks v. Bast*, 242 Md. 350, 219 A. 2d 84 (1966) ; *Thanos v. Mitchell*, 220 Md. 389, 152 A. 2d 833 (1959) ; *Plank v. Summers*, 205 Md. 598, 109 A. 2d 914 (1954). Rule 527 c 1 and 2 requires a motion for continuance to depose an absent witness to be accompanied by an affidavit showing: 1) that the testimony of the absent witness is material, competent, and proper; 2) that

the affiant believes the action cannot be tried with justice to the party without such evidence; 3) that the affiant has a reasonable expectation and belief the witness can be procured within a reasonable time; and 4) that the affiant has used reasonable diligence to procure the testimony. There is a further requirement that the affiant set out the facts he believes the witness will prove and "not merely the effect of such facts in evidence."

Even if it is questionably assumed that the mandatory affidavit of Rule 527 c 1 was supplied by Mrs. Butkus' testimony at the trial, *see Brooks v. Bast,* 242 Md. 350, 354, 219 A. 2d 84 (1966), we conclude Judge Mace did not abuse his discretion when he denied the continuance. It appears to us that there was no element of surprise here and that there was no reason why the appellants could not have maintained frequent contact with Mrs. Stabler concerning her willingness to testify. There is nothing in the record to indicate that her physical condition, for even a brief portion of this long period, prevented a deposition, or that the appellants could not have compelled her testimony through the procedures provided in Maryland Rules 405-10. Finally we cannot overlook the appellants' fault or the possible damage to the defendant in the failure to mention her in the answer to the 1964 interrogatories.

The appellants nevertheless contend that Mrs. Stabler's last minute change of heart and the Pennsylvania reporter's last minute inability to take the deposition circumvent the diligence requirements of Rule 527 c 1 and 2. They liken their position to that of the appellants in *Plank v. Summers, supra,* and *Thanos v. Mitchell, supra,* where we found in each case that the trial court had in fact abused its discretion in denying a motion for continuance. The difference between those cases and the one before us is significant, especially as to the double-barreled elements of surprise and diligence. In *Plank,* after a proper subpoena duces tecum to the authorities at a naval hospital it was discovered during trial that the navy had sent the wrong man to identify their medical records. In

*Thanos* the plaintiff's lawyer discovered on the Friday evening before the Monday trial date that his client was mentally ill. It had been a long and protracted litigation also but he took the simple expedient of obtaining two doctors' certificates as to the plaintiff's condition.

Here, in contrast to those cases, even if we overlook the seven preceding years, the plaintiffs' lawyer knew of Mrs. Stabler's availability at least thirty days before trial, a remarkable glimmer of hope that should have dictated immediate action. However, they failed to utilize the quickest means available to secure her testimony. With the exception of their initial contact, the appellants' attorneys communicated with each other by mail rather than telephone. When they slowly came to the realization that the court reporter there could not do the job, they still had seven days in which to make other arrangements; instead they elected to wait for the court's ruling on their motion for continuance. But even when this was denied on February 14 they had at least three full days before trial in which to act. The lawyer was not confronted with the temporary and uncorrectable illness of his own client but just the inability of one court reporter to dispose of a brief deposition. Yet there was no attempt to contact another reporter in Washington, Baltimore or Philadelphia who could accompany him on a one day excursion to Pennsylvania and have a deposition ready for trial.

As the appellants were required to demonstrate the same justification for their motion to withhold the final decision in the case, an innovative effort to say the least, we must conclude that the trial judge did not err in the denial of either motion. Perhaps a delayed decision would not bring about more "dark days for the courtroom," emptying it for one day and preempting its use for another, but the policy reasons against such a tactic are just as compelling. Absent exceptional circumstances we cannot find an abuse of discretion in the trial court's election not to allow piecemeal litigation or the resolution of a trial to hinge on testimony thirty days after all the parties have had their day in court. *Schroder v. State,* 206

Md. 261, 265, 111 A. 2d 587 (1955). Not only would this give the party with the strongest rear guard a prejudicial advantage but it would make it extremely difficult for the trial judge to fairly weigh fresh testimony over the stale.

> *Judgment affirmed. Costs to be paid by appellants.*