## HOHENSEE ET AL. *v.* MINEAR

[No. 87, September Term, 1970.]

*Decided November 16, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and DIGGES, JJ.

Ervin Hohensee, in proper person, with whom was Richard Hohensee, in proper person, on the brief.

*Jo V. Morgan, Jr.,* for appellee.

PER CURIAM.

The appellants, Ervin and Richard Hohensee, are making their fourth attempt in this Court to rescue their land from the effects of a sale under a foreclosure of a deed of trust. In each appeal they have urged primarily that the sale is void because of fraud committed by the appellee-trustee and the note holder. The first two appeals, dismissed for appellate procedural defects (Md. Rules 825-31 and 835 b (8)), were from orders by the Circuit Court for Prince George's County ratifying the trustee's sale. The third, in addition to the fraud allegations, challenged the allowance of a $7,500 fee for the appellee's attorney. Because such objections to attorney's fees may only be raised by exceptions to the auditor's account, that appeal was dismissed as being premature. *Hohensee v. Minear,* 253 Md. 5, 251 A. 2d 588 (1969). This appeal, the fourth, is from an order of February 24, 1970 finally ratifying the auditor's account.

When the account was filed appellants responded on December 1, 1969 with a motion requesting an extension of time "until June 30, 1970 within which to file exceptions . . . ." They list twelve reasons for this request. 1) That no details or verification of the figures are given, and 2) that the figures on their face appear to be incorrect. Listed reasons 3) through 12) are a series of statements that may be summarized as follows: a two year delay in filing the auditor's report, the auditor and the court lack jurisdiction, a desire to take depositions, the

appellant's illness, his distant residence in Pennsylvania, the fact that he was acting in proper person, his unfamiliarity with the law resulting in a need for additional time for research, and an assertion that the property involved was valued in excess of $1,000,000.

When this motion for continuance to file exceptions was set for hearing on February 24, 1970, Hohensee twice sought a postponement, in effect attempting to continue a motion to continue. Judge Powers denied the first request on January 2, 1970 and the second on February 20, with the comment—"In view of the past delaying tactics of defendant and the fact that this case has been pending for more than four years the court questions the bona fides of . . . [the request for postponement of the February 24 hearing] and the Motion is denied."

Appellants did not appear at the February 24 hearing and Judge Meloy signed an order 1) denying the December 1, 1969 request for an extension of time to file exceptions, 2) overruling the motion of December 1 insofar as it may raise exceptions to the auditor's account, and 3) finally ratifying the auditor's account.

Appellants first contend that both judges erred in denying their motions for continuances. As the hearing date was not until February 24, appellants had nearly three months within which to prepare and file any objections or exceptions to the auditor's account. That was ample time and we conclude neither trial judge abused his discretion in denying the requested postponements. *Butkus v. McClendon*, 259 Md. 170, 269 A. 2d 427 (1970).

The appellants next contend the auditor's account contains errors. If we assume, as Judge Meloy did, that the motion of December 1 contains statements which may be considered exceptions, they are not legally sufficient. Of the twelve reasons listed, only the first two can arguably be considered as exceptions and each of these is too vague, indefinite and general to merit attention. Though it is unnecessary to list all the reasons relied on to support an exception there must be some particularity in designating an alleged error. *Burroughs v. Bunnell,* 70 Md. 18

(1889) ; *Young v. Omohundro,* 69 Md. 424 (1888) ; *Calvert v. Carter,* 18 Md. 73 (1861) ; Miller's *Equity Procedure,* § 545.

There are, however, two classes of cases which do not require exceptions in order to object on appeal to the auditor's account. The first, not present here, is where an account is stated by direction of a party to represent his views and claims; "the second is where the rights of the parties have been adjudicated by the court, and the auditor in stating his account merely exhibits a statement of those rights as adjudicated." Miller's *Equity Procedure,* §§ 336 and 546. The allowance of the $7,500 attorney's fee is such an adjudicated right and appellants' objection to it is now reviewable. *Hohensee v. Minear, supra.* Clearly it is the appellant's duty to show by proper proof in the trial court either the lack of authority to direct the payment of the fee or the unreasonableness of the fee allowed. *Cf. Stokes v. Detrick,* 75 Md. 256, 268 (1892). The authority in this case for its allowance springs from the deed of trust itself where it is provided that the trust instrument secures, in addition to the debt represented by the note, "any and all costs and expenses (including reasonable counsel fees) incurred or paid on account of any litigation at law or in equity which may arise in respect to this Trust." There is a presumption as to the reasonableness of an attorney's fee allowed by the trial court, and that fee will only be changed or revoked by this Court upon a showing of clear and substantial error. *Spencer v. McMullen,* 198 Md. 90, 81 A. 2d 237 (1951). Appellants have offered no evidence or other proof in any way attacking the reasonableness of the fee. The bald statement in their brief that a $7,500 fee is "unconscionable" does not meet this test. We add, nevertheless, that we have reviewed the entire record of this protracted litigation and observe that besides the many motions and objections, which include fifteen postponement requests, there were two sales, four appeals to this Court and two attempts to obtain a review by the Supreme Court of the United States. Appellee's attorney has filed a statement

indicating his services consumed some 300 hours in this litigation. The voluminous record is indicative of the correctness of this statement. Judge Meloy, who handled most of this case, states he took all these factors into consideration and utilized his own experience in valuing the services. In *Tucker v. Dudley,* 223 Md. 467, 474, 164 A. 2d 891 (1960) we suggested it was proper for the trial court to use this method in determining a reasonable attorney's fee. *Cf. Family Savings,* 246 Md. 219, 228 A. 2d 233 (1967). We find no basis for disturbing Judge Meloy's conclusion that a $7,500 attorney's fee was reasonable.

The appellant's remaining contentions are in reality an assault on the order ratifying the second sale of his property. It is now too late for that tack. When that order became enrolled after the dismissal of his second appeal, all questions which the appellant raised or could have raised concerning the validity of that sale were finally adjudicated.

> "[T]he law is firmly established in Maryland that the final ratification of the sale of property in foreclosure proceedings is *res judicata* as to the validity of such sale, except in case of fraud or illegality . . . ."
>
> "However, a court of equity has the power to set aside a foreclosure sale upon an original bill for fraud filed by the mortgagor or any other party interested, where fraud has been discovered after the ratification of the sale, even after the decree has become enrolled." *Bachrach v. United Cooperative,* 181 Md. 315, 320, 29 A. 2d 822 (1943).

*Geisey v. Holberg,* 185 Md. 642, 45 A. 2d 735 (1946); Miller's *Equity Procedure,* §§ 484-85. There is, of course, no question of after-discovered fraud in this case, for the present allegations of fraud were litigated at the time the second sale was ratified.

*Order affirmed. Costs to be paid by the appellants.*