## HOGAN *v.* EASTRIDGE

[No. 169, September Term, 1970.]

*Decided December 14, 1970.*

The cause was argued before HAMMOND, C. J., and BARNES, FINAN, SINGLEY and SMITH, JJ.

Earl V. Hogan in proper person.

Submitted on brief by *Lloyd E. James, Sr.,* for appellee.

PER CURIAM.

The appeal is from a judgment for costs for the appellee granted in the Circuit Court for Howard County (after removal of the suit, for false arrest and false imprisonment, from the Circuit Court for Prince George's County) when the appellant, having been denied a continuance, refused to offer testimony because his witnesses had not been summoned.

The record shows the case was set for trial on November 18, 1969. In open court on that day the appellant requested a postponement because his witnesses from Prince George's County were not present. Judge Mayfield granted the continuance, telling the appellant that he must allow ample time to enable the sheriff to serve the witnesses. The case was scheduled for February 16, 1970. On that day the court was told that two summons were returned *non est* and that no return had been made on others. The summons had not been ordered until February 6. Judge Mayfield said that in view of the fact that a day was needed to forward the summons and a day to return them, the appellant had not allowed ample time as he had been told to do. The appellant did not make the affidavit required by Maryland Rule 527 c 1 and c 2 and the decisions, if a continuance is to be granted because of an absent witness. See *Butkus v. McClendon,* 259 Md.

138

.170; *Vermilya-Brown v. Dallas,* 248 Md. 7, 13-14; *Brooks v. Bast,* 242 Md. 350 and *King v. Rockville,* 249 Md. 243, 246.

The rules and the cases make it clear that the granting or denial of a continuance is in the sound discretion of the trial judge and, unless his action is arbitrary, it will not be reviewed on appeal. *Thanos v. Mitchell,* 220 Md. 389, and cases cited; *Butkus v. McClendon, Brooks v. Bast, King v. Rockville,* all *supra; Fontana v. Walker,* 249 Md. 459; *Cruis Along Boats v. Langley,* 255 Md. 139. We find no arbitrariness or other abuse of discretion here.

*Judgment affirmed, with costs.*