32 A.3d 1072

Catherine A. Moreland JOHNSON

v.

James Michael JOHNSON.

No. 63, Sept. Term, 2009.

Court of Appeals of Maryland.

Dec. 14, 2011.

F. Robert Troll, Jr. (Susan Zuhowski of O'Malley, Miles, Nylen & Gilmore, P.A., Calverton, MD), on brief, for Petitioner.

Frederick R. Franke, Jr., Annapolis, MD, for Respondent.

Argued before BELL, C.J., BATTAGLIA, GREENE, * MURPHY, ADKINS, BARBERA, and JOHN C. ELDRIDGE, (Retired, Specially Assigned), JJ.

ELDRIDGE, J.

The controversy in this case is between the trustee of an inter vivos trust, petitioner Catherine A. Moreland Johnson, and her stepson, respondent James Michael Johnson, who is a "beneficiary" of the trust.[1] The trust was described by the Court of Special Appeals as follows (*Johnson v. Johnson*, 184 Md.App. 643, 647–648, 967 A.2d 274, 276–277 (2009), footnotes omitted):

---

* Murphy, J., now retired, participated in the hearing and conference of this case while an active member of this Court but did not participate in the decision and adoption of this opinion.

1. The exact status of James, and whether he has standing, appear to be among the disputed issues in this case. The petitioner refers to James as "a potential contingent beneficiary" (petitioner's brief at 5), and the respondent James refers to himself as "a remainder beneficiary." We shall, for convenience, refer to James simply as a "beneficiary." Our use of this term is not intended to represent any expression of our views on any disputed issue.

"The Johnson Family Trust was created on August 25, 2004, by Edward R. Johnson and Catherine A. Moreland Johnson, his wife. They were named as 'Trustors' and 'Co–Trustees' and they established the Trust, according to its express language, with the intent that, while they were both living, they would each equitably own an undivided one-half interest in all property subject to the Trust. This was to be accomplished by the use of the federal gift tax exemption for transfers between husband and wife. Trust property, which was listed in an attached 'Schedule A,' constituted the 'Trust Estate' and, due to its gifting provisions, the beneficial interest of the first Trustor to die was to be exactly equal to that of the surviving Trustor. Trust, Article I.

"On February 14, 2006, Edward was the first to die. Pursuant to the Trust instrument, the Trust Estate was then to be divided into two shares. Trust A was to be created to take advantage of the federal estate tax exclusion and other tax provisions. The remaining portion of the decedent's interest was to be distributed to an irrevocable Trust B. Trust, Article IV.

"The surviving Trustor (Catherine) is entitled to the income and potentially all of the principal of Trust A during her lifetime, if needed for her health, maintenance, reasonable comfort and support. She has a power of appointment to dispose of the undistributed income and principal of Trust A by her Last Will and Testament. If the power is not exercised, upon her death, the Trust A corpus is to be added to Trust B and distributed according to its terms.

"Catherine has the same lifetime entitlement to the income and to principal of Trust B if needed for her health, maintenance, or support. She has a limited power of appointment over the Trust B estate which authorizes her to leave it to one or more of any children and/or other descendants of both Trustors in such shares as she may deem appropriate. Trust, Article IV. If Catherine does not exercise this limited power, distribution of the Trust B corpus is governed by the Trust's Article VI, which expressly names

Edward's son, James, as a beneficiary, if he survives Catherine."

After Edward's death, James twice asked Catherine for an accounting of the trust, but Catherine did not answer his requests. James then instituted the present action by filing in the Circuit Court for Calvert County a "Petition For Court Assumption of Jurisdiction of [The] Trust Estate And Related Relief." James requested, *inter alia,* that the court assume jurisdiction over the trust and require that Catherine file an accounting.

After Catherine's response, a hearing, and an opinion by the court, the Circuit Court issued the following order:

"**ORDERED,** that the Petition for Court Assumption of Jurisdiction of a Trust Estate and Related Relief is hereby GRANTED, and it is further

"**ORDERED,** that Respondent Catherine A. Moreland Johnson provide an accounting of the Johnson Family Trust to Petitioner James Michael Johnson...."

Catherine noted an appeal from the above-quoted order, and thereafter she filed in this Court a petition for a writ of certiorari prior to oral argument in the Court of Special Appeals. This Court denied the petition, noting that the case was "[p]ending in the Court of Special Appeals." *Johnson v. Johnson,* 404 Md. 660, 948 A.2d 72 (2008).

The Court of Special Appeals, in a reported opinion, affirmed the Circuit Court's order, *Johnson v. Johnson, supra,* 184 Md.App. 643, 967 A.2d 274. Catherine again filed in this Court a petition for a writ of certiorari, and this time the petition was granted. *Moreland Johnson v. Johnson,* 409 Md. 47, 972 A.2d 861 (2009).

 The petitioner Catherine has raised issues concerning the status of James, whether he has a right to an accounting, and whether the Circuit Court's order contravenes the terms of the trust. Neither the parties nor the courts below have raised any issue concerning the appealability of the Circuit Court's order. Nevertheless, an order of a circuit

court must be appealable in order to confer jurisdiction upon an appellate court, and this jurisdictional issue, if noticed by an appellate court, will be addressed *sua sponte*. *See, e.g., Stachowski v. State,* 416 Md. 276, 285, 6 A.3d 907, 912 (2010) ("Although none of the parties raised a jurisdictional issue in these cases, this Court is obligated to address *sua sponte* the issue of whether we can exercise jurisdiction"); *Miller & Smith v. Casey PMN,* 412 Md. 230, 240, 987 A.2d 1, 7 (2010) ("[P]arties cannot confer jurisdiction on our Court, and we must dismiss a case *sua sponte* on a finding that we do not have jurisdiction"); *In re Nicole B.,* 410 Md. 33, 62, 976 A.2d 1039, 1055–1056 (2009) ("[A] party in the trial court must file a timely notice of appeal, from an appealable judgment, in order to confer upon an appellate court subject matter jurisdiction over that party's appeal. * * * 'Where appellate jurisdiction is lacking, the appellate court will dismiss the appeal *sua sponte,*'" quoting *Eastgate Associates v. Apper,* 276 Md. 698, 701, 350 A.2d 661, 663 (1976)); *Biro v. Schombert,* 285 Md. 290, 293, 402 A.2d 71, 73 (1979) ("[N]either side has questioned the jurisdiction of the Court of Special Appeals to review the judgment in this case. However, ... we believe that the Court of Special Appeals lacked jurisdiction to entertain the appeal. Therefore ..., without considering the merits of the question presented by petitioner, we shall vacate the judgment of the Court of Special Appeals and remand the case to that court with directions to dismiss the appeal").

When petitioner's counsel was asked at oral argument whether the Circuit Court's order was appealable, he responded by stating that the order was appealable as a final judgment. *See* Maryland Code (1974, 2006 Repl.Vol.), § 12–301 of the Courts and Judicial Proceedings Article.[2] *See also WSSC v. Bowen,* 410 Md. 287, 295, 978 A.2d 678 (2009):

---

2. Section 12–301 of the Courts and Judicial Proceedings Article states:

 "**§ 12–301. Right of appeal from final judgments—Generally.**

 Except as provided in § 12–302 of this subtitle, a party may appeal from a final judgment entered in a civil or criminal case by a circuit court. The right of appeal exists from a final judgment entered by a court in the exercise of original, special, limited, statutory jurisdic-

"The 'exceptions' to the final judgment principle were recently summarized in *St. Joseph's [Joseph Medical Center] v. Cardiac Surgery [Associates]*, *supra*, 392 Md. [75] at 84, 896 A.2d [304] at 309 [ (2006) ]:

'Moreover, under Maryland law, the "few, limited exceptions" to the final judgment rule number only three. Judge Wilner for the Court in *Salvagno v. Frew*, 388 Md. 605, 615, 881 A.2d 660, 666 (2005), explained:

"[W]e have made clear that the right to seek appellate review of a trial court's ruling ordinarily must await the entry of a final judgment that disposes of all claims against all parties, and that there are only three exceptions to that final judgment requirement: appeals from interlocutory orders specifically allowed by statute; immediate appeals permitted under Maryland Rule 2–602; and appeals from interlocutory rulings allowed under the common law collateral order doctrine." ' "

■ It has been settled in Maryland for almost 200 years that an order for an accounting or similar referral is not appealable as a final judgment because, "by [the order], nothing is finally settled between the parties, and ... the order for an account ... was only preparatory to a final decree," *Snowden et al. v. Dorsey et al.*, 6 H. & J. 114, 116 (1823) (dismissing an appeal from an order of Chancellor Kilty that the parties provide an accounting). *See, e.g., Anthony Plumbing v. Atty. Gen.*, 298 Md. 11, 16–17, 467 A.2d 504, 506–507 (1983); *Hohensee v. Minear*, 253 Md. 5, 6–7, 251 A.2d 588, 588–589 (1969); *Johnson v. Hoover*, 75 Md. 486, 490, 23 A. 903, 904 (1892); *Wilhelm v. Caylor*, 32 Md. 151, 161–162 (1870); *Clagett v. Crawford*, 12 G. & J. 275, 285 (1841). In addition, the Circuit Court's order was neither appealable under Rule 2–602 nor appealable under the collateral order

---

tion, unless in a particular case the right of appeal is expressly denied by law. In a criminal case, the defendant may appeal even though imposition or execution of sentence has been suspended. In a civil case, a plaintiff who has accepted a remittitur may cross-appeal from the final judgment."

**608**

doctrine. *See WSSC v. Bowen, supra*, 410 Md. at 294–300, 978 A.2d at 683–687, and cases there cited.

█ The only statute authorizing interlocutory appeals from orders directing an accounting is § 12–303(3)(vi) of the Courts and Judicial Proceedings Article. If the Circuit Court's order is appealable, it would have to be appealable under that statute. Section 12–303(3)(vi) authorizes an appeal from an interlocutory order entered by a circuit court "[d]etermining a question of right between the parties and directing an account to be stated on the principle of such determination." The Circuit Court's order in the present case is clearly not within § 12–303(3)(vi) because, in the plain language of the statute, the order did not "[d]etermin[e] a question of right between the parties...."

The provision which is presently codified as § 12–303(3)(vi) was first enacted as Ch. 367 of the Acts of 1845, passed by the General Assembly on March 10, 1846. Ch. 367 provided in pertinent part as follows:

"Section 1. *Be it enacted by the General Assembly of Maryland*, That an appeal may be taken and prosecuted from any decree or order of the court of chancery, or any county court as a court of equity, determining a question of right between the parties, and directing an account to be stated, on the principle of each determination...."

Except for the difference in the names of trial courts, the language of the provision has remained virtually unchanged since 1846.

The requirement that, to be appealable, the order for an accounting must decide a question of right between the parties was applied by this Court even before Ch. 367 was enacted. In *Clagett v. Crawford, supra*, 12 G. & J. at 285, decided in December 1841, this Court dismissed an appeal from an order directing an account because "[t]he order does not adjudicate any right between the parties." Subsequent cases under Ch. 367 and successor statutes have reaffirmed that an interlocutory order directing an accounting is not appealable unless the order also decides "a question of right" between the parties.

*See, e.g., Goodburn v. Stevens,* 1 Md.Ch. 420, 427 (1849) (In reversing an order of the Court of Chancery, this Court stated that "[t]he right of appeal from these interlocutory orders [directing an account] has been conferred only where a question of right has been determined between the parties"); *Owings v. Worthington,* 4 Md. 260, 261 (1853) (Appeal from an order directing an account was dismissed); *Wilhelm v. Caylor, supra,* 32 Md. at 161–162; *Nally v. Long,* 56 Md. 567, 570–571 (1881) (Because the order for an account, *inter alia,* did settle the rights of the parties, it was appealable).

To reiterate, as the trial court's order in this case did not decide any issue concerning the parties' rights, the order was not appealable.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS VACATED AND CASE REMANDED TO THE COURT OF SPECIAL APPEALS WITH DIRECTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE DIVIDED EVENLY BETWEEN THE PARTIES.*